SEABORN C. BRYAN, plaintiff in error, vs. SAMUEL GURR, defendant in error.

[1.] Under the Judiciary Act of 1799, every defendant is entitled to state his defence plainly, fully and distinctly, according to the truth of the case without being required to spread a falsehood upon the record under the pain of being entrapped by technical rules.

[2.] In an action of slander, the plea of justification puts the plaintiff's general character in issue.

[3.] When the plea of justification has been filed, and is not demurred to for insufficiency, and evidence has been admitted under it without objection, it is error in the Court, *sua sponte*, in its charge to the jury, to instruct them, that the plea is defective, and the defendant can take nothing by it.

Slander, from Houston county. Tried before Judge LAMAR, at September Term, 1858.

This was an action for slander, brought by Samuel Gurr against Seaborn C. Bryan. The slanderous words alleged to to have been spoken by the defendant, were, that plaintiff had sworn falsely in a certain suit, which had been tried in

Houston Superior Court, at April Term, 1853, wherein Hughes Walton, administrator of Joseph Nunery was plaintiff, and the said Seaborn C. Bryan was defendant, being an action of trover for certain negroes.

The defendant pleaded:

1st. The general issue, not guilty.

2d. That the words alleged to have been spoken, were true, and that defendant was justifiable in speaking the same.

. 3d. That the words were not spoken maliciously, but because defendant believed that they were true, having understood Gurr, in said action, to swear that defendant "told him to go and tell Fuller to leave the place where he was then staying and working." That he, defendant had never so told said plaintiff, and that it was in reference to this testimony of plaintiff's on said trial, that defendant, had said that plaintiff swore falsely, but that he did not utter said words maliciously, but from a confident belief, that plaintiff had so testified, and knowing that he had never so told plaintiff.

The case was submitted to the jury upon the evidence of both parties, and after argument and the charge of the Court, the jury found for plaintiff one thousand dollars.

Whereupon, defendant moved for a new trial, upon ten grounds, which it is unnecessary to set out here, as the opinion pronounced by the Supreme Court, is confined principally to the ninth ground, which is as follows:

9th. " That the Court erred in admitting evidence of plaintiff's general good character, under the plea, as it was alleged, of justification, and yet charged the jury that the defendant, in order to make this plea available, should have set forth and proved what the plaintiff had sworn, and that it was upon a point material in the case. And further charged that such averment and proof were material in the case. The Court thus giving an effect and character to the plea which plaintiff's counsel had not assumed or contended for, and thereby depriving defendant of all benefit or advantage of

said plea of justification, while plaintiff had the full benefit of all his evidence under the same."

The Court refused the motion for a new trial, on each and all the grounds taken, and defendant excepted to said decision, and assigns the same as error.

This case was tried before Judge POWERS, but the motion for a new trial was heard and determined by Judge LAMAR.

WARREN & HUMPHRIES; WILLIAM H. ROBINSON, for plaintiff in error.

SCARBOROUGH; and KILLEN, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

For myself, I find no great fault with the special plea and the charge asked on it. It might have been better worded perhaps, so as to have set forth truly the facts on which the defendant relies. Admitting the speaking of the words, which is not denied, the defendant should have set forth in his plea, that being present in Court, when the plaintiff was examined as a witness in the case of ——————————————————— he understood him to say, as did Bailey, Humphries, Giles, Hall, and others, that he, the defendant, had requested him, witness, to tell Fuller to move off of his land. And so understanding him, and knowing that he had given no such instructions, he said to by-standers at the time, and to Gurr himself afterwards, that he had sworn falsely. That he did not speak the words maliciously, but to repel what he believed at the time to be a false statement, highly injurious to himself and prejudicial to his rights, and that he had not repeated the accusation, after its denial by the plaintiff. Of the truth of all which he put himself upon the country, &c

[1.] Every defendant under our system of pleading is entitled to answer according to the truth of his case, without regard to technical rules. And to avail himself of this priv-

ilege, he is not bound to spread a lie upon the record. Amongst other things, the Judiciary Act of 1799, was intended to do away with this demoralizing system of the common law.

[2.] The rule as to affirmative and negative testimony, does not apply in this case. This is the case where six men are in a room, and three swear that the clock struck 12, and the other three that it struck 11, all of them having their attention directed to the clock at the time. One set here, swear that Gurr said Bryan told him, the other that Riddle told him, and all equally credible. One is wrong, but which we cannot decide. It is no doubt an honest misunderstanding. The witness may have repeated the statement one time, using the name of Bryan and the other Riddle, through inadvertence. All men are liable to this confusion. Counsel are guilty of it in arguing, and Judges in deliving opinions. The misnomer is allowed to go uncorrected as the listeners understand what the speaker intended to say.

As to the truisms contained in several of the requests to charge, we deem it unnecessery to notice them. They had no special application to the facts of this case.

[3.] There was no errror in the Court in admitting testimony in favor of the general character of the plaintiff, the same having been put in issue by the plea of justification filed by the defendant, or at least what was intended as such by the defendant, and so understood and treated by counsel on both sides, and by the Court during the process of the trial. It was not demurred to for informality or insufficiency The Court, however, in its charge to the jury, stated that to make the plea of justification available, it should have set forth what it was the plaintiff had sworn to, which the defendant charged to be false; and that the fact stated was material to the issue in the case in which Gurr was sworn, and wherein it was material. And that these necessary averments must be proved.

By this unexpected and uncalled for charge, the Court de-

prived the defendant of the whole benefit of his defence. We are not called on to decide whether the charge was right or wrong. The plea of justification had been attempted to be put in, confessing the speaking of the words charged in the declaration, and alleging their truth. It was not objected to. It was treated as a good plea. The Court could not be justified in hearing evidence as to the plaintiff's general character upon any other ground. Then at the close of the case, without solicitation from plaintiff's counsel, to have given this charge, was manifest error. The dilemma is palpable. This instruction was wrong, else the Judge was in error in admitting the evidence of Edgeworth, McGehee, Tollen, Miller, and others, in support of Gurr's general character, when the same had not been impeached by the plea of justification.

Judgment reversed.