AMOS BROWN, plaintiff in error, *vs.* JAMES F. HANSON, defendant in error.

1. There was no abuse of discretion in granting a new trial.
2. The words "he had perjured himself—he swore lies before the court at Madison, according to the church book," are actionable *per se*.
3. Where the words charged in the declaration to have been spoken, were the above, without setting out the latter words, "according to the church book," and it appeared in proof that such additional words were also used by the defendant, it is not such a variance as to be fatal to the plaintiff's case.

Brown *vs.* Hanson.

Slander.   New trial.   Before Judge BARTLETT.   Morgan Superior Court.   March Term, 1874.

Hanson brought complaint against Brown for $10,000 00 damages, alleging that the defendant had falsely and maliciously said of and concerning him, on September 21st, 1872, the following false and malicious words, to-wit: "That he, (meaning your petitioner,) had perjured himself. That he swore a lie before the court at Madison." The defendant pleaded not guilty, and that if he ever used such words he did not do so through malice, or with the intent to impute to the plaintiff a crime punishable by law, or for the purpose of injuring and damaging him in any manner; but solely and entirely for his own vindication, and he so understood by the person to whom they were addressed.

The evidence for the plaintiff showed the use of the language charged by the defendant, on several occasions, but sometimes qualified by the additional words, "according to the church book." Taking all the testimony together, it is clear that the defendant, in the use of such language, relied upon the church book to sustain his assertion.

It is impossible to gather precisely from the record what the church book would show, but it appears that the defendant had been sued for slander by a Mrs. Sarah E. Adams, upon the trial of which case the plaintiff in this suit testified against the defendant, and swore to facts which the defendant claimed were contrary to evidence which he had given in upon a trial had before the church, of which they were both members.

The jury found for the defendant. The plaintiff moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was sustained, and the defendant excepted.

BILLUPS & BROBSTON; A. G. & F. C. FOSTER, for plaintiff in error.

REESE & REESE, for defendant.

TRIPPE, Judge.

1. As this case is to undergo another trial we will not discuss the testimony. The speaking of the words was proved, and without any evidence introduced by the defendant, or upon cross-examination, showing their truth, and indeed without setting up justification at all, the verdict was for the defendant. We cannot say there was an abuse of discretion by the court in granting a new trial.

2. It was argued that the addition made to the charge uttered against the plaintiff of the words " according to the church book," relieved them from the character of words which are actionable *per se.* It was also said that as the declaration did not set forth those words, a variance was proved, which was fatal. We do not agree to either proposition; not to the first, because if it were so, then any charge could be made against any person, and if he who makes it will add the like or similar words, such as " according to the record," " according to proof in my possession," or " if I am not misinformed," or many other such qualification, etc., he could slander and destroy character in the most odious way with impunity, so far as legal redress is concerned.

3. Nor do we think that proof of such additional words is such a variance as would defeat a plaintiff's right of recovery. When the defendant added the words " according to the church book," they neither took away from the force of the charge he had made, or relieved him from the necessity of sustaining the truth of what he had said. At least, there is nothing in the record showing what the meaning of those additional words was, or why they were used. It is left to conjecture—a conjecture that did not so authorize the verdict as to make the setting it aside error. Only one case need be referred to as illustrating the holding we make, and it does illustrate both points. In Treat *vs.* Browning, 4 Conn., 408, the words set out in the declaration were, " she has had a bastard child;" those proved were, "if I have not been misin-

formed, she had a bastard child." It was held not to be an immaterial variance.

Let the judgment be affirmed.