WILLIAM P. SMITH, plaintiff in error, *vs.* H. G. WRIGHT, defendant in error.

The words alleged in the plaintiff's declaration, to-wit: " Peter Smith had told lies, and sworn to them," were actionable *per se.* The plain import of the words was to charge the plaintiff with the offense of false swearing.

Slander. Before Judge HERSCHEL V. JOHNSON. Washington Superior Court. September Term, 1874.

Reported in the decision.

LANGMADE & EVANS; JAMES K. HINES, for plaintiff in error.

R. L. WORTHEN ; H. D. D. TWIGGS, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for falsely and maliciously saying of and

concerning the plaintiff, in the presence and hearing of sundry citizens of the county of Washington, the following false and malicious words, to-wit: "that Peter Smith, (meaning plaintiff,) would steal, tell lies and swear to them, that Peter Smith had told lies, and sworn to them," thereby meaning and intending to charge him, the plaintiff, with the offenses of perjury and larceny.   The defendant demurred to the plaintiff's declaration.   The plaintiff then offered to amend it as follows, that said defendant used the following false and malicious words of and concerning plaintiff, to-wit: "that Peter Smith, (meaning plaintiff,) had sworn in the case of Almira Paradise against him, tried at the September term of said court, 1872, and had sworn falsely all the way through, thereby meaning and intending that plaintiff, who had testified in an equity cause pending in said court, wherein Almira Paradise was complainant and the said Henry G. Wright was defendant, meaning thereby, and intending, that plaintiff had testified falsely and corruptly in said cause, and was guilty of willful and corrupt perjury." The court refused to allow the amendment, sustained the defendant's demurrer, and dismissed the plaintiff's action, whereupon the plaintiff excepted.

False swearing, in any matter or thing, (other than a judicial proceeding,) is an offense in this state, punishable by imprisonment in the penitentiary for not less than three years nor longer than ten years: Code, sections 4462, 4463.   The words alleged in the plaintiff's declaration " that Peter Smith had told lies, and sworn to them," were actionable *per se.* The plain import of the words, was to charge the plaintiff with the offense of false swearing.   If he had told lies, he had told that which was false, and if he had sworn to them, he had sworn to that which was false, and was therefore guilty of false swearing, and such would be the common understanding of those to whom such words were addressed in the common acceptation and meaning thereof.   To render words actionable *per se,* it is not necessary that they should in express terms charge another with a crime punishable by law; it is sufficient if they impute a crime in such terms as that the

hearers understand what is meant: *Lewis vs. Hudson*, 44 *Georgia Reports*, 568. The innuendo that the defendant meant and intended to charge the plaintiff with the offense of perjury, was not necessary to sustain the charge of false swearing, which was the plain import of the words alleged to have been spoken by the defendant, and therefore, the innuendo may be considered as surplusage: *Lewis vs. Hudson*, 44 *Georgia Reports*, 572. The office of an innuendo is to explain that which is doubtful or ambiguous in the words or language employed, but cannot enlarge the meaning of words plainly expressed: *Park & Iverson vs. The Piedmont Insurance Company*, 51 *Georgia Reports*, 510. The plain import of the words alleged to have been spoken by the defendant of and concerning the plaintiff, was to charge him with the offense of false swearing, and no innuendo, or colloquium, was necessary to explain them. In our judgment the court erred in sustaining the demurrer to the plaintiff's declaration, and in refusing to allow the amendment offered thereto.

Let the judgment of the court below be reversed.