## 357. TAYLOR *v.* CHAMBERS.

1. Communications which would otherwise be slanderous are protected as privileged, if made in good faith by the injured person in the prosecution of an inquiry regarding a crime which he believes to have been committed upon his property, and for the purpose of detecting the criminal or bringing him to punishment.

2. A petition may be amplified by amendment. Such an amendment, voluntarily made, may cure errors previously committed by the court in the amending party's favor as to the original sufficiency of the pleadings.

3. A partial plea of justification will not entitle the defendant in a slander suit to open and conclude.

Action of slander, from city court of Nashville—Judge Peeples. October 6, 1906.

Submitted May 14,—Decided June 20, 1907.

*Buie & Knight,* for plaintiff in error.

*J. W. Powell, W. G. Harrison, Alexander & Gary,* contra.

POWELL, J. An action for slander was brought by Chambers against Taylor. The petition as amended alleged, in substance, that the defendant had said to H. W. Griffin, Samuel Long, J. D. Hutchinson, J. F. Robinson, W. W. Byrd, W. F. Matthis, Joel W. Parrish, Willie Lassiter and Eddie Lassiter, that the plaintiff had burned a certain house of the defendant, thereby intending, falsely and maliciously, to impute to the plaintiff a felony, the crime of arson. In the fourth paragraph it is alleged that the defendant also tried to hire Long to swear that the plaintiff confessed the crime. In the sixth paragraph it is alleged that on the preliminary trial at which the plaintiff stood charged with this offense, the defendant, under oath, publicly proclaimed that the plaintiff had burned the house. In the seventh paragraph it is alleged that the defendant attempted to indict the plaintiff before the grand jury for the offense, but failed. The defendant denied all the allegations of the petition, but set up additionally: "that it is true that in December, 1904, one of his houses, out of which plaintiff had just moved, was mysteriously burned, and all the circumstances pointed toward plaintiff being the perpetrator of the deed; that in good faith and in performance of a private and public duty he made affidavit and had plaintiff arrested for committing said act; that all words spoken by him were in furtherance of the belief, from facts and circumstances known, that plaintiff committed the act, and not from a wanton and malicious mind on the part of defendant; and although a committal court did not find plaintiff guilty, the facts and circumstances surrounding the whole transaction point strongly to his being the perpetrator; that defendant has never since said committal trial attempted to push in any man-

ner such charge against plaintiff, preferring to let the matter drop against him, merely from his own choice, and not from a belief of the innocence of plaintiff." The defendant also demurred generally and specially; but we do not deem it profitable to report the grounds herein. There was no evidence as to the communication of the alleged slander to any of the persons named in the petition, except H. W. Griffin, Ed. Lassiter, and Will Lassiter. After swearing out a warrant against Chambers, charging him with arson, Taylor, in pursuance to directions from the magistrate, went to Griffin, on whose place Chambers was living at the time of the fire, and told him that the house had been burned, and that he desired to get the man who did it; that from circumstances he was led to believe that Chambers was the guilty person; and that, desiring to prove Chambers' whereabouts on the night in question, he had come to him (Griffin) for information as to that fact. Ed. Lassiter was the person who discovered that the house was on fire; and he having expressed the belief that Chambers had burned the house, the defendant, in discussing the matter, agreed with him. Will Lassiter was also a witness to material circumstances in connection with the criminal prosecution, and, in discussing the case with him, the defendant expressed the belief that Chambers was guilty. There was no evidence supporting the other allegations of the petition. Taylor testified to a state of facts indicating utmost good faith in his discussing with the witnesses the plaintiff's suspected connection with the burning of the house. The jury returned a verdict for $300 in favor of the plaintiff.

1. "Any person may speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty." Const., art. 1, par. 15 (Civil Code, §5712). It is not an abuse of this liberty for one who has had his property burned, and who suspects another of having set it on fire, to institute a criminal proceeding against the latter, and, in connection therewith and in the preparation of the case, to make bona fide statements of his suspicions and grounds of suspicion to third persons, who would likely possess evidence as to the guilt or innocence of the accused, with the view of ascertaining how far their knowledge and information would corroborate or weaken the charge made; and this is true whether the suspicions, if bona fide entertained, were well founded or not. Such communications are privileged, and, if not mali-

ciously made, are not actionable. In a slander suit based upon such communications malice is not presumed, and the burden of showing the same is upon the plaintiff. These principles are well recognized; and from an abundance of authority we cite only the following. Civil Code, §3840; *Ventress* v. *Rosser*, 73 *Ga.* 539; Newell on Slander and Libel (2d ed.), 500, §§98-100; Id. 478, §68.

2, 3. In regard to rulings upon the pleadings in the trial court: The amendments made to the petition cured any error committed in overruling the demurrers, except as follows: the demurrer to the latter portion of the fourth paragraph of the petition should have been sustained; likewise the demurrer to the sixth and seventh paragraphs. The defendant's plea, not admitting the use of the words charged in the manner alleged, was not such a plea of justification as to give the defendant the right to open and conclude. There was no error in allowing the petition to be made more specific by amendment.

*Judgment reversed.*