## GILLIS v. POWELL.

1. A ground of a motion for a new trial, which contains an assignment of error upon the refusal of the judge to continue the case, will not be considered when the evidence introduced on the motion to continue is not set forth in the motion for new trial nor attached thereto as an exhibit, but reference must be had to the brief of the evidence in order to ascertain the same.

2. Exception to the allowance of an amendment to the petition can not properly be made in a motion for a new trial.

3. Exception to a judgment overruling a demurrer to the petition, or motion to dismiss a case for the reason that the petition is insufficient in law, can not be properly made the ground of a motion for a new trial.

4. Where the matter under investigation is whether the words or conduct of a person are malicious, the age of the person may not, in some circumstances, be an immaterial fact.

5. Words uttered in good faith, for the sole purpose of securing or preserving evidence to be used in the prosecution of one for a crime of which the speaker was the victim, are privileged.

6. The answer of the defendant, when properly construed, did not contain any admission that the defendant had uttered the words charged in the petition, and an instruction having the effect to convey to the mind of the jury the impression that the answer contained such admission was erroneous.

7. Some of the instructions complained of were calculated to weaken the defense of privileged communications, even if they did not entirely take away the defense.

Argued July 1,—Decided October 8, 1907.

Slander. Before Judge Spence. Worth superior court. July 31, 1906.

Powell sued Gillis for slander, laying his damages in the sum of $2,000. The petition alleged that the defendant "did maliciously say of and concerning your petitioner, on the 2nd day of August, 1902, the following false and defamatory words, to wit, 'S. A. Powell swore a lie.'" It is alleged, that the defendant, on the date named, in the presence of divers good and worthy citizens, used language of and concerning the plaintiff, the purport of which was to charge him with the offense of perjury, which is a crime punishable under the laws of this State; that the plaintiff is a poor, hard-working man, respected by his neighbors, and filling offices of trust and responsibility, to wit, constable and postmaster; that being charged with an offense of the grave character above referred to is calculated to injure him in his standing in the community, and especially when used by a person of the standing and character of the defendant, who is a man of great wealth and influence; that the charge against plaintiff was made immediately after the defendant had lost a case in which he was the plaintiff and the plaintiff was the defendant; that the defendant was merely venting his malice when he uttered the words; that the use of the words under the circumstances and with this motive was an aggravated injury, both in the act and in the intent. By amendment the plaintiff alleged that in August, 1902, the defendant, in a certain discourse of and concerning the plaintiff, in the presence of Lott Branch and other good and worthy citizens, falsely said of and concerning the plaintiff the following false and malicious words: "Bink Powell [meaning the plaintiff] swore a lie, and I will prosecute him when the grand jury meets." The defendant filed an answer in which he denied using the language charged in the petition. He averred, that all that he said of the plaintiff was in his testimony on the trial of the case in the justice's court,

so far as he recollected, and he did not use the language charged, or anything of like purport, and what was said on the trial was without malice and was true. It is also averred that defendant stands ready to prove the truth of any utterance made concerning the plaintiff on that day, and that whatever the defendant said was privileged and made in good faith with a view to protecting his own interest, without malice and with no purpose whatever to injure or defame the plaintiff. In an amendment to the answer the defendant denied that he used the language stated in the amendment, or any language of like purport, to Lott Branch or in his presence, or in the presence or hearing of any person whatever; and here reiterated the statement made in the original answer, that whatever the defendant said to Lott Branch, or any other person, was true, and said in good faith and with a view to preserving the testimony to be used in a then contemplated prosecution of the plaintiff. The trial resulted in a verdict in favor of the plaintiff for $2,000; and the defendant assigns error upon the overruling of his motion for a new trial.

   *T. R. Perry* and *J. H. Tipton,* for plaintiff in error.
   *Sam. S. Bennet, Claude Paylon,* and *Frank Park,* contra.

   COBB, P. J. (After stating the facts.)

   1. One ground of the motion for a new trial assigns error upon the refusal of the judge to continue the case. The complete showing for the continuance is not set out in the ground, but for the evidence introduced on the showing reference is made to the brief of the evidence filed in the case. Under repeated rulings of this court, this ground can not be considered. This court will not consider an assignment of error in a ground of the motion for a new trial which is not complete in itself, or which may not be rendered complete by an exhibit to the motion itself. It is not permissible to refer to the brief of the evidence, or other parts of the record, in order to complete the ground of the motion.

   2. Another ground of the motion complained of the ruling of the judge allowing the amendment to the petition. An assignment of error of this character can not properly be made a ground of a motion for a new trial. It is only necessary to cite one of the more recent cases on this question. *Lowery* v. *Idleson,* 117 *Ga.* 778 (45 S. E. 51).

   3. Another ground of the motion for a new trial assigns **error**

upon the judgment overruling the demurrer to the petition and motion to dismiss the same. Such a ruling can not properly be made a ground of a motion for a new trial. It is only necessary to cite one of the more recent decisions on this question. *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794.)

4. Error is assigned upon the refusal of the judge to allow the defendant to prove, by himself, when he was on the stand, that he was seventy-two years of age. The court rejected this testimony, upon the ground that it was irrelevant. The contention is that the evidence should have been admitted to be considered by the jury on the question as to whether, considering the age of the defendant in connection with the other circumstances in the case, the words uttered by him were uttered with malice, or, as contended by the defendant, in good faith and for the purpose of enforcing a criminal law in a matter where he was interested. While we do not think that it would have been erroneous for the judge to admit the testimony, still we do not think that his refusal to do so was an error of such a character as would necessarily require the granting of a new trial. The defendant was before the jury. They could judge themselves as to his condition, both mental and physical; and these were proper matters for them to take into consideration. The exact number of years that he had lived would not have aided them materially in determining whether, from his condition, mental and physical, and his temperament, as indicated by his manner and testimony, the charge made against the plaintiff was likely to have been malicious or made in good faith. The important elements in the case were before the jury; that is, the general appearance of the man, the state of his mind and body, and his temperament, as indicated by what he said and the manner in which it was said.

5. The original petition alleged the words to be, "S. A. Powell swore a lie," and that they were uttered on August 2, 1903. These words standing alone would import the crime of false swearing rather than perjury. *Smith* v. *Wright,* 55 *Ga.* 218. But it is also alleged the words were uttered immediately after the trial of a case between the parties, and the inference is that the plaintiff had testified as a witness; and words of the character indicated, uttered in such circumstances, would be equivalent to a charge of perjury. The amendment alleged the words spoken were, Powell

"swore a lie, and I will prosecute him when the grand jury meets." These words import the offense of false swearing, and there is nothing to indicate what were the circumstances in which they were uttered. The witness Branch testified that he was the justice who tried the case between the parties, and that when Gillis, who had lost the case, paid the costs, he said that Powell swore a lie and wanted him "to bear it in mind," but did not say anything about the grand jury. Another witness, Taylor, testified that, soon after the trial in the justice's court, Gillis said to him that Powell swore a lie and he was going to get a bill against him when the grand jury met. Hall, a constable, testified that he was present when Gillis paid the costs to Branch, and he heard him say to Branch that Powell had sworn falsely and he was going to prosecute him, and that he wanted Branch to bear in mind what Powell had sworn. The defendant testified that he remembered the conversation with the justice of the peace, and that he intended to have the plaintiff arrested for perjury, and he told the justice to be sure and keep in mind what the plaintiff had testified. He also swore that he presented the case to the grand jury, but they did not act on it. He said that to the best of his recollection he told the justice that he intended to prosecute the plaintiff for perjury, and he wanted him to keep fresh in his mind all of the testimony, in the case; that he did not want to injure anybody, but that the plaintiff certainly owed him on the notes that he had sued on. He denied having any conversation with the witness Taylor. It appears, from the evidence, that in the suit in the justice's court the plaintiff in the present case was the defendant, and that he swore that he had paid the notes. That he had not paid them with money is now admitted; but it is claimed that what was meant by payment in the testimony thus delivered was a transaction between the plaintiff and defendant, which was incomplete at the time of the trial, but which one party considered as satisfying the obligation and the other party did not. The evidence is of such a character as to authorize a finding that each side could be honestly mistaken in their statement when one swore that the notes were paid and the other that they were not. There could have been an honest difference of opinion as to the legal effect of the transaction as it stood on that day. While all the evidence indicates that the plaintiff in the

present case, when he swore that he had paid the notes, was mistaken, and the notes were not paid, the effect of the charge made by the defendant against the plaintiff, when he said that he swore to a lie in the trial, was that he had committed wilful perjury. And there was evidence in the present case from which the jury could find that the testimony of the witness, although not true, was not wilfully false. When the character of the words uttered and the circumstances in which they were spoken are considered, the effect of the words was to charge the plaintiff with the crime of perjury. *Bryan* v. *Gurr*, 27 *Ga.* 378; *Salmons* v. *Tail*, 31 *Ga.* 676; *Brown* v. *Hanson*, 53 *Ga.* 632. To utter of another words which impute to him a crime punishable by law is slander, and the wrong thus committed is actionable without proof of special damage. Civil Code, §3837. From motives of public policy, however, the law will sometimes relieve a person who makes a false charge against another from liability for damages. Communications which would otherwise be slanderous are protected as privileged, if made in good faith and in the prosecution of an inquiry regarding a crime which has been committed and for the purpose of detecting and bringing to punishment the criminal. *Chapman* v. *Battle*, 124 *Ga.* 574 (52 S. E. 812). There is no crime known to the law which is more odious than the crime of perjury, and the law authorizes a prosecution for this offense, as well as all others, either at the instance of the person aggrieved or any other citizen who may be interested in the preservation and maintenance of the law. Therefore, in a well-defined case, where it appears that the words were uttered in good faith and for the sole purpose of bringing to punishment the supposed perjurer, and the element of malice is not at all present, and the communication is made at a time and place and to a person when all the circumstances indicate purely an intention to vindicate the law, one who makes a statement which may afterwards develop to be false will be protected and not rendered liable to be mulcted in damages. But one who intends to prosecute another for the crime of perjury must make known his intentions in reference to the same at a time and place and to persons that are proper. If made at other times and other places and to other persons, the communication is made at his peril; and if what is stated is false, he must bear the consequences resulting from the slander. See, in this connection, *Atlanta News*

*Pub. Co.* v. *Medlock,* 123 *Ga.* 714 (51 S. E. 756, 3 L. R. A. (N. S. 1139) ; *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104, Am. St. R. 103) ; *Sheftall* v. *Central of Ga. Ry. Co.,* 123 *Ga.* 589 (51 S. E. 646). Whether the communication is made at a proper time and proper place and to a proper person is a question for the jury in the particular case. If the time and place are not proper, there is no privilege. If the person is not one to whom the communication is necessary to be made to effectuate the purpose of vindicating the law, there is no privilege. If the time and place and person are all appropriate, but the manner and form of the communication are such as to indicate, not a desire to vindicate the law, but to injure and defame the person whose name is disclosed in the communication, the privilege does not exist. The privilege is given by the law for a wise purpose, and the law will not tolerate its being used to vent the malice of any individual, even though he may be one who thinks he has been grievously wronged.

6. The judge charged the jury, "You have the right to show that the language was used by admissions or confessions—either in the pleadings or from the witnesses." The error assigned upon the charge is, that, as there were no admissions in the pleadings, it was misleading to the jury and prejudicial to the defendant. The answer and amended answer each denied that the defendant had uttered the words charged in the petition, or any words of like import. It is true that the answer alleged that the defendant was ready to prove the truth of any words that may have been spoken by him on the day of the trial in the justice's court, but there was no evidence as to any words spoken on that day. Properly construed, we do not think that the answer contained any admission that the words charged in the petition were uttered by the defendant. In the circumstances of the present case, we are of the opinion that this erroneous interpretation of the plea was prejudicial to the defendant.

7. The judge charged the jury: "In considering that question [the question as to whether the defendant used the language that he is shown to have used, bona fide, in an effort to preserve the testimony of the witnesses with a view to instituting a criminal prosecution against the plaintiff], gentlemen, you will take into consideration the nature of the crime charged against the plaintiff, see what the nature of it was, and see whether the evidence

shows that the plaintiff really did commit any crime; see whether he, the defendant, had the knowledge of whether the plaintiff had really committed the crime of perjury; see whether it rested with the defendant in this case, or whether he—so as to determine— see whether he had personal knowledge of it or whether he didn't have personal knowledge of it, so as to see whether he was acting in good faith, bona fide, in good faith, intending to institute a prosecution against the defendant for perjury, or whether he was simply using that as a slander to perpetrate the slanderous words or defame the character of the plaintiff." This charge is assigned as error for various reasons, but it is only necessary to refer to the assignment setting up that the effect of the charge was to deprive the defendant of his main defense, that of privileged communication. The judge in effect says that Gillis would not be protected under his plea of privilege unless Powell had really committed the crime and Gillis had personal knowledge of it. The plea of privilege is broader than this. If Gillis had no personal knowledge in reference to the matter, but honestly and in good faith believed that Powell was guilty of perjury, and there were reasonable and probable grounds upon which to base this belief, and he took steps to inaugurate a prosecution with no other purpose than a vindication of the law, words spoken by him at proper times and places and to proper persons, for the sole purpose of effectuating the prosecution, would be privileged, even though it should finally develop that Powell was innocent. There is in this charge, and also in some other portions of the charge, an indication that the judge had construed the answer as in the nature of a plea of justification; and some of the instructions place upon the defendant the onerous burden resulting from such a plea. As we construe the answer, it contained both a general denial and a plea of privilege. It is true these are inconsistent, but that is permissible under our practice. The defendant in effect says, "I do not remember what I said, but I did not say what is charged, and whatever I did say was solely for the purpose of preserving evidence to effectuate a prosecution for crime." The plea of privilege should have set forth the words admitted to have been used, and then alleged the circumstances showing that they were privileged; but this defect was one that was subject only to special demurrer, and the judge did not err in submitting the defense of privilege to the

jury. In fact it would have been erroneous to do otherwise, as the evidence under the plea had been admitted without objection. *Bryan* v. *Gurr*, 27 *Ga.* 378.

We think the errors above referred to are such as to require a reversal of the judgment, in order that the defendant may receive the full benefit of his plea of privilege. If, on another trial, it should appear that the defendant had probable cause to institute a prosecution of Powell for perjury, and what he said in reference to his testimony at the trial in the justice's court was said in good faith and without malice and to proper persons, at proper times and places, he would be entitled to a verdict in his favor. On the other hand, if it should appear that he was animated by malice in his statements, the plaintiff would be entitled to recover. There are assignments of error upon the charge other than those that have been commented upon, but we do not consider it necessary to discuss them in detail. From what has been said it can be readily seen whether any of these instructions will be appropriate to the case on another trial.

*Judgment reversed.    All the Justices concur.*