570. SOUDERS *v.* CAROLINA PORTLAND CEMENT CO.

A suit was filed to the January term, 1905, of the city court of Atlanta; it was based partly upon account; no bill of particulars was attached; prior to the first day of the return term, the defendant filed a special demurrer, also a specific demand for a bill of particulars. At the first term no action was taken upon either the demurrer or the demand; at the second term the defendant moved a nonsuit or dismissal of the plaintiff's action, for noncompliance with the demand; the court overruled the motion, and the defendant preserved an exception pendente lite thereto. At a subsequent term the court sustained the special demurrer and required the plaintiff to amend by attaching a bill of particulars as to that part of the suit based on account, and the plaintiff accordingly amended. More than a year after this amendment was allowed, the

case came to trial and resulted in a verdict for the plaintiff. *Held,* that a new trial will not be granted because of the failure of the court to nonsuit or dismiss the plaintiff's action for non-compliance with the demand for a bill of particulars; that if the court erred in not sustaining the motion to dismiss, the error was cured by the subsequent amendment furnishing the bill of particulars.

Complaint, from city court of Atlanta—Judge Reid. May 18, 1907.

Argued ·October 28,—Decided November 25, 1907.

*J. E. & L. F. McClelland,* for plaintiff in error..

*Ben. J. Conyers, J. H. Porter,* contra.

POWELL, J. Rule 11 of the Superior Court (Civil Code, 1895, §5642) provides: "In actions of *assumpsit* for the recovery of ·unliquidated demands, a bill of particulars shall be annexed to the copy served on the defendant; and in every case where the plea of set-off shall be filed, a copy of the set-off shall be filed at the time of filing the answer; and when the bill of particulars is not annexed to the declaration, the plaintiff shall lose a term; and if service of said bill of particulars is not effected upon the defendant by the succeeding term, a nonsuit shall be awarded." The term "nonsuit," as used in this rule, is to be taken in the sense of the non-pros. of the English practice or the dismissal of our practice. *Kelly* v. *Strouse,* 116 *Ga.* 883 (43 S. E. 280). The Civil Code of 1895, §4963, says: "In suits on account a bill of particulars should be attached." This section is a codification from the Neel act of 1887. Sections 5045, 5047, and 5048, which are to be construed in pari materia with section 4963, in substance provide, that special defects or omissions from the petition shall be reached by special demurrer; that while usually such demurrers are to be heard at the first term, they may, when continued by the court or by consent of parties, be heard subsequently, and that upon the hearing the judge may give opportunity to amend so that a dismissal may be avoided. We are inclined to the opinion that under the Neel act and the sections of the code cited above, so much of the rule of the court as apparently makes a dismissal at the second term mandatory (if, indeed, that is the intention of the rule) is not enforceable. See *Ward* v. *Stewart,* 103 *Ga.* 260 (29 S. E. 872). However, if the court erred in not requiring the bill of particulars, upon the demand under

the rule of court, the subsequent amendment by the defendant, setting forth the bill of particulars, cured the error. *Taylor* v. *Chambers, 2 Ga. App.* 178 (58 S. E. 369).

*Judgment affirmed.*