### 654. PACIFIC SELLING CO. *v.* ALBRIGHT-PRIOR CO.

1. A general demurrer to a declaration in attachment, on the ground that no cause of action is set forth, is not adequate to raise the question that the attachment is defective, in that the defendant is shown to be a nonresident corporation and there is no allegation that it transacts business in this State. If the point is good at all, it should be raised by some form of special appearance, or motion to dismiss the attachment, and not by a general demurrer to the declaration.

2. Even if a declaration be subject to demurrer which is overruled, the plaintiff may render the error harmless by an amendment sufficient to cure the objection.

3. The execution of an instrument may, when statute does not prescribe

some special mode of proof, be shown by circumstantial as well as by direct evidence.

4. If any error was committed upon the trial, it was of an immaterial and harmless nature.

Attachment, from city court of Atlanta—Judge Reid. April 20, 1907.

Argued November 13,—Decided November 25, 1907.

*Moore, Gordon & Branch,* for plaintiff in error.

*Moore & Pomeroy,* contra.

POWELL, J.   The Pacific Selling Company is a non-resident corporation.   The plaintiff instituted suit against it and another by attachment.   The declaration duly filed alleged a breach of contract of sale.   By amendment all allegations as to the other defendant were stricken and the case proceeded against the Pacific Selling Company alone.   A judgment having been recovered by the plaintiff, the defendant brings error.

1. The defendant filed a demurrer to the declaration in attachment, on the ground that no cause of action was set forth.   This demurrer was overruled and exceptions were duly preserved.   It is insisted here that this demurrer should have been sustained because it does not appear that the defendant in attachment did business in this State; and that under the Civil Code, §4527, foreign corporations are not subject to attachment unless they transact business in this State.   As an obiter, we may say that in our judgment the section referred to is merely cumulative to and not restrictive of our other attachment statutes, and that a non-resident corporation having property in this State is subject to attachment, whether it transacts business here or not.   *Wilson v. Danforth,* 47 *Ga.* 676 (1) ; *Home Ins. Co. v. Augusta,* 50 *Ga.* 541; *South Carolina R. Co. v. McDonald,* 5 *Ga.* 531; *Selma R. Co. v. Tyson,* 48 *Ga.* 351; *Cathcart, v. C. H. & D. R. Co.,* 108 *Ga.* 253 (33 S. E. 875).   So much of the opinion in *Schmidlapp v. La Confiance Insurance Co.,* 71 *Ga.* 246, 249 (a perfectly sound case as to the point therein actually sub judice), as intimates to the contrary is, as is true of what we have just been saying, purely obiter.

A general demurrer on the ground of no cause of action does not raise the point that the attachment fails to show that the defendant transacted business in this State.   A general demurrer

filed without protestation, is a general appearance and submits the defendant to the jurisdiction of the court.

2. The objection that the petition disclosed that the other defendant originally joined was the principal and the Pacific Selling Company merely an agent, and therefore not liable on the contract, can now avail the plaintiff in error nothing; for by the amendment the plaintiff relieved the petition of this alleged objection. *Taylor* v. *Chambers*, 2 *Ga. App.* 178 (58 S. E. 369); *Souders* v. *Carolina Cement Co.*, 3 *Ga. App.* 99 (59 S. E. 467).

3. Objection was made to certain documentary evidence, on the ground that the execution thereof was not proved. The ground of the motion for a new trial in which exception is taken to this ruling seems to be deficient in the respect indicated in *Kelly* v. *Kauffman Milling Co.*, 92 *Ga.* 105 (1). But waiving that, we can not say, in the light of the facts in the record, that there was not sufficient proof of execution; for the execution of a document, when the statute points out no special method, may be shown by circumstantial as well as by direct evidence. *Proctor & Gamble Co.* v. *Blakely Oil Co.*, 128 *Ga.* 617 (57 S. E. 879).

4. Upon the whole, we find no reversible error in the record. The plaintiff avoided the plea of the statute of frauds by showing part performance. The proof that the contract was made between the parties to the action, and not between others, was ample. While the charge of the court upon the measure of damages contained a possible slight inaccuracy, in that the jury was instructed that plaintiff's recovery would be based on the difference between the purchase-price of the goods and the market price at the time of delivery in Atlanta, when under the contract delivery was to be made in New York, still this is harmless, for under the proof the difference between the purchase-price of the goods if delivered in Atlanta, and the market price in Atlanta, was exactly equal to the difference between the purchase-price if delivered in New York, and the market price in that city. *Judgment affirmed.*