## 6155. ADAMS *v.* GREESON.

WADE, J. 1. There being neither evidence nor pleading to justify an instruction to the jury upon the subject of privileged communications, based upon the fact that the plaintiff and the defendant belonged to the same lodge of Odd Fellows, the instruction of the court upon this subject was erroneous and prejudicial.

2. The evidence relative to statements alleged to have been made by the defendant as to the plaintiff was insufficient to establish that such statements were made either bona fide in the performance of a public duty, or in the performance of a private duty, either legal or moral, or with a bona fide intent to protect the interest of the defendant in a matter where his interest was concerned; and the instructions of the trial judge upon the subject of privileged communications, as embodied in the 5th, 7th, and 8th grounds of the motion for a new trial, were erroneous.

3. The words alleged to have been used by the defendant of the plaintiff, imputing to him the crime of larceny, were slanderous per se, and it was therefore error for the court to instruct the jury that if the defendant "used the verbal charges against the plaintiff in an endeavor to find his property, or to locate the party who had it, with a view of suing for the same, civilly or criminally," the law would presume that he acted in good faith. Where a verbal statement is slanderous per se, there is no presumption that the person making the statement acted in good faith; on the contrary, upon proof of the slanderous words, it devolves upon him either to justify by proving the truth of his accusation or to show that for some reason the communication was privileged.

4. Parol evidence is not admissible to prove the substance of charges preferred by a secret order against one of its members, unless there first be evidence that the charges were not in writing.

5. For the foregoing reasons the court erred in overruling the motion for a new trial. Except as indicated above, the trial was free from error.

*Judgment reversed.*

DECIDED JULY 31, 1915.

Action for slander; from city court of Monroe—Judge Stone. October 22, 1914.

The petition alleged, that on January 18, 1913, the defendant publicly, in the presence of various persons, used the following false, malicious, and slanderous words to and of the plaintiff: "You did take my overcoat. You know you are guilty of it. I intend to prosecute you, to get a bill against you for taking the coat. I can prove you got it and I will convict you;" that the defendant thereby imputed to the plaintiff the crime of larceny; and that on December 27, 1912, and at other times in January, 1913, the defendant used, published, and circulated false, malicious, and slanderous words imputing to the plaintiff the crime of larceny, charging that the plaintiff had stolen the said overcoat. The defendant in his answer denied these allegations, and further pleaded as follows: "Defendant says that on the night of the 31st of March, 1911, at Odd Fellows Lodge in Bold Springs in said county, defendant did lose an overcoat, which he had worn to said place, and has never yet recovered the same. He thought that it would be returned if an honest mistake had been made, but not being returned after defendant had made his loss generally known in and around the neighborhood, he of course concluded that the party who had taken it or had come into possession of it did not mean to return it. With the bona fide intent to protect his own interest in the matter where it was concerned, in connection with a prosecution or contemplated prosecution of the theft if ascertained to be an actual theft, and in contemplation of a civil suit for the property when located and if not surrendered, this defendant admits saying some things regarding the possession of said coat by the plaintiff, and says that all he did say concerning plaintiff and his connection with said coat was entirely free from any malicious intent, but was, as above stated, in contemplation of recovering his coat which had been taken, or of suing on the civil side of the court, or prosecuting the guilty party on the criminal side, to prosecute his own

interest and for the purpose of detecting the criminal, and all that defendant did really state was privileged communication under the law. Defendant as well as other members of his family, who had often seen the overcoat lost by defendant, thought and still think that they recognized it on the said plaintiff and worn by him, and defendant endeavored to get plaintiff to return said coat or account for the possession, so that if plaintiff did not take it, but came into the possession of the same honestly, defendant might by investigation find out the real party who did take it. Plaintiff is an Odd Fellow, and so is defendant, being members of the same lodge. Defendant has no malice against plaintiff, nor has he had any. What he stated to others in connection with his overcoat and plaintiff was stated to members of the same lodge or order, with a view in good faith of having the matter ferreted out, so that he might get his property and detect and bring to punishment the real criminal, if larceny had been committed, and all he stated was privileged, being said to said members with a view of an investigation in the order, so that justice might be done, the innocent protected, and the guilty, if any, brought to punishment."

The verdict was for the defendant. The plaintiff's motion for a new trial was overruled, and he excepted.

*Walker & Roberts,* for plaintiff, cited: *Taylor* v. *Chambers,* 2 *Ga. App.* 178, 180, 181; *Graham* v. *State,* 6 *Ga. App.* 436 (2); *Redfearn* v. *Thompson,* 10 *Ga. App.* 550, 551; *Gillis* v. *Powell,* 129 *Ga.* 408; *Etchison* v. *Pergerson,* 88 *Ga.* 624.

*J. H. Felker,* for defendant, cited: Civil Code, § 4436, par. 1, 2, 3; 25 Cyc. 381, 391; *Chapman* v. *Battle,* 124 *Ga.* 574; *Gillis* v. *Powell,* supra; *Taylor* v. *Chambers,* supra.