FAY *et al.* v. BURTON *et al.*

GEORGE, J. 1. The allegations in a petition filed by the administrators of an estate, to the effect that the decedent died intestate, leaving neither widow nor children; that certain named persons, representing themselves to be the brothers and sisters and representatives of brothers and sisters, and the nearest blood relatives of the intestate, are claiming the whole of the estate as heirs at law, and have instituted a suit against the administrators to compel settlement of the estate; that another named person is claiming the whole of the estate by virtue of a contract to adopt her, made by the intestate in his lifetime, fully performed by the claimant on her part, and a particular note belonging to the estate under an executed parol gift by the intestate in his lifetime; that petitioners have no interest in the estate other than as administrators; that they are ready to distribute the estate; and that the conflicting claims of the respective · claimants are of such character as to render it doubtful and dangerous for the administrators to act, are sufficient, as against general demurrer, to sustain the petition and authorize an injunction and an order to interplead. Civil Code (1910), § 5471; *Burton* v. *Black*, 32 *Ga.* 53; *Sessions* v. *Mansfield*, 33 · *Ga. Supp.* 10; *Franklin* v. *Southern Railway Co.*, 119 *Ga.* 855 (47 S. E. 344); *Western & Atlantic Railroad Co.* v. *Union Investment Co.*, 128 *Ga.* 74 (57 S. E. 100).

2. To the response made by defendant in error, who claimed the estate under a contract alleged to have been made by the intestate to adopt her, the plaintiffs in error, nearest blood relatives of the intestate, demurred. The demurrer was overruled. Subsequently to the overruling of the demurrer, the defendant in error by amendment, which was properly allowed, so perfected her answer as to meet the grounds of the demurrer. *Held*, that the judgment on the demurrer will not be reversed. *Fidelity & Deposit Co.* v. *Nisbet*, 119 *Ga.* 316 (46 S. E. 444).

3. A charitable institution for the custody and care of orphan children, incorporated under laws of Georgia, may by contract let out for adoption a child legally committed to its charge or lawfully in its custody. Such power is inherent in the corporation. Civil Code (1910), § 2848.

4. The execution of a writing must be shown before such writing, or, in the event of its loss, evidence of its contents, can be received in evidence. The execution of a written instrument may be shown by circumstantial as well as direct evidence. *Proctor & Gamble Co.* v. *Blakely Oil Co.*, 128 *Ga.* 606 (3), 617 (57 S. E. 879); 14 Enc. Ev. 750; 17 Cyc. 463. Applying the foregoing, the facts and circumstances in the record were sufficient to authorize the jury to find that the application upon which the defendant in error was let out by the Orphans' Home was executed by the intestate. The court did not err in admitting in evidence the contents of the application, the loss of the original having been shown, under proper instructions.

(a) The contract under which defendant in error was received in the Orphans' Home was likewise properly admitted in evidence.

5. The other assignments of error, based upon the admission of evidence, are not such as to require a reversal of the judgment overruling the motion for new trial.

6. The evidence authorized the verdict; and the charge of the court as a whole fully and fairly submitted to the jury the controlling issues in the case. Some of the expressions in the several excerpts from the charge excepted to were inapt; but, the whole charge considered, none of the assignments of error based upon the charge of the court require a reversal. The requests to charge were covered by the general charge.

Judgment affirmed. All the Justices concur, except ATKINSON, J., who dissents in so far as it is held that the evidence was sufficient to show execution of the paper referred to in the fourth headnote, and that it was sufficient to support the verdict for the plaintiff.

No. 296. FEBRUARY 15, 1918.

Injunction and interpleader. Before Judge Wright. Floyd superior court. March 29, 1917.

*Harris & Harris* and *F. W. Copeland,* for plaintiffs in error.

*C. A. Thornwell, Maddox & Doyal,* and *Denny & Wright,* contra.