## NELS G. BACKSTROM v. NEW YORK LIFE INSURANCE COMPANY.[1]

May 22, 1931.

No. 28,297.

Oscar R. Knutson, for appellant.
Doherty, Rumble, Bunn & Butler, for respondent.

LORING, J.

In a suit to recover on a life insurance policy the defendant prevailed on its defense of suicide. The plaintiff appeals from an order denying his motion for a new trial.

The only serious question presented by the appeal is whether or not the court erred in admitting in evidence over plaintiff's objection a medical certificate of death made by the coroner, who was a physician. This certificate stated the cause of death as "suicide by firearm."

[1] Reported in 236 N. W. 708.

Section 5357 of the chapter on public health, G. S. 1923 (1 Mason, 1927) c. 29, requires the undertaker having charge of the burial of the body to obtain and file with the registrar a certificate of death containing a statement of vital statistics from some person having knowledge of the facts and also a medical certificate of death which shall be made by the coroner in cases investigated by that officer.

This medical certificate is required from the attending physician, if there is such, in cases not investigated by the coroner, and is required to give the fact and time of death; time of attendance; when last seen alive; the disease or injury causing death, with contributory cause or complication, and the duration of the illness; *if from violence the means and circumstances of the injury and whether indicating accident, suicide, or homicide.* G. S. 1923 (1 Mason, 1927) § 5366, makes a certified copy of this death record *"prima facie evidence of the fact therein stated in all courts in this state."* The word "fact" should be read "facts." In re Estate of Olson, 176 Minn. 360, 371, 223 N. W. 677. These provisions in the form here involved came into our law as L. 1913, p. 862, c. .579, which was entitled: "An act for the collection, recording and preservation of vital statistics, their use as evidence, penalties for violation, * * *."

In New York and Indiana, notwithstanding the provision of their law that the records shall be prima facie evidence, they are not admissible in controversies between private persons.

In the cases from those states which have been called to our attention, although the decision is in part at least placed upon the theory that the legislature did not intend to modify the rules of evidence between individuals, the reason which seems to have chiefly influenced the courts to exclude the certificates is the privilege which another statute had thrown around the relation of physician and patient, a situation not presented in the case at bar. Beglin v. Metropolitan L. Ins. Co. 173 N. Y. 374, 66 N. E. 102; Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891; Brotherhood v. Barton, 46 Ind. App. 160-168, 92 N. E. 64.

We have held however in In re Estate of Olson, 176 Minn. 360, 371, 223 N. W. 677, that such a certificate, by virtue of our statute,

§ 5366, supra, is admissible in litigation between private parties to prove as a fact the immediate cause of death. There the name of the disease effecting death was given in the certificate. In the case at bar the immediate cause of death was a gunshot wound, and that fact is not in controversy. Obviously the purpose of the defendant in offering the certificate was to get in evidence the coroner's opinion that the wound was inflicted by the insured himself. Is this a "fact" of which the certificate is made prima facie evidence by statute? It will be observed that the statute requires, in cases of death by violence, that the means and circumstances be stated. Here the means were stated but not the circumstances, and hence in this latter respect the certificate does not comply with the statute. Had the circumstances been properly set out in the certificate and been followed by a statement that they indicated suicide, does the statute make such a statement of "indication" prima facie evidence that the insured killed himself? Did the legislature intend by this statute to change the rules of evidence in suits between private individuals by including with the "facts" stated to be prima facie evidence the "indications" which the coroner, physician, registrar, or subregistrar might infer from the facts discovered? The statute does not say that the certificate shall be prima facie evidence of all the matters required to be incorporated therein. In making the certificate prima facie evidence, it confines itself to "facts" and makes no reference to "indications," inferences, or conclusions drawn by the certificate maker.

As to the cause of the gunshot wound, the certificate necessarily stated either matter which rested in hearsay or the opinion of the maker on a subject which under the rules prevailing prior to this statute was not a proper subject of either hearsay or opinion evidence.

Primarily, under our system of jurisprudence, evidence in order to be admitted as trustworthy must be solemnized by an oath and be subjected to cross-examination by the opposing party; and we do not look with favor upon hearsay or opinion upon such matters as are here involved. Certain exceptions to the hearsay and opin-

ion rules are recognized from necessity, but we are traditionally reluctant to add to those exceptions in relation to matters which have been consistently left for courts or juries to decide without that class of evidence. That very reluctance makes it improbable that the legislature intended to depart from established rules in a statute of this kind. Certainly it should not be held that it so intended, in the absence of language clearly indicating such a purpose. Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111, 54 L. ed. 1180, 30 L.R.A. (N.S.) 1153, 21 Ann. Cas. 921.

The two cases relied on by respondent to support the admission of the medical certificate of death are Bromberg v. North American L. Ins. Co. 192 Mich. 143, 158 N. W. 141, and Jensen v. Continental L. Ins. Co. (C. C. A.) 28 F. (2d) 545-547.

In both these cases the certificate which was admitted showed "suicide," but in both cases it was also offered as an admission, having formed a part of plaintiff's proofs of death, and was held to be admissible on that account. In the federal case the objection to its admission as a certificate under the Pennsylvania statute was on constitutional grounds, which were held to be untenable.

In Michigan the supreme court in the case of Gilchrist v. Mystic Workers, 188 Mich. 466, 154 N. W. 575, Ann. Cas. 1918C, 757, held the hearsay part of a death certificate inadmissible. This opinion was by Justice Ostrander, who also sat in the Bromberg case [192 Mich. 143] where the Gilchrist case [188 Mich. 466] is not mentioned.

We are not persuaded that the legislature intended that the conclusions and inferences drawn by the certificate maker as to whether the violence was suicidal, homicidal, or accidental should be prima facie evidence thereof between private parties. That information in the certificate is obviously for the compilation of vital statistics.

We therefore hold that the trial court should have sustained the objection to the admission of the medical certificate in so far as it read "suicide by firearm." All other matters stated therein were undisputed.

■ It is claimed that this was harmless error because, attached to the proofs of death, was the verdict of the coroner's jury, which found that the gunshot wound was self-inflicted. This was ruled out, the trial court not having the benefit of this court's recent opinion in Laury v. N. W. Mut. L. Ins. Co. 180 Minn. 205, 230 N. W. 648, 231 N. W. 824. The question of the propriety of the court's ruling on this evidence is not before us.

The order appealed from is reversed and a new trial granted.

STONE, J. (dissenting).

I cannot agree. It seems to me that what is otherwise an unassailable theory is being carried so far as unduly to limit the legislative will declared in G. S. 1923 (1 Mason, 1927) § 5366.