KUDLA *v.* PRUDENTIAL ·INSURANCE CO. OF AMERICA.

1. EVIDENCE—CERTIFICATE OF DEATH—ISSUE OF FACT.

   Although under 2 Comp. Laws 1915, § 5607, the certificate of death was *prima facie* evidence in all courts and for all purposes of the facts recorded therein, since that statute was repealed by Act No. 343, § 22, Pub. Acts 1925, the cause of death is an issue of fact (2 Comp. Laws 1929, § 6594).

2. SAME—INSURANCE—CAUSE OF DEATH—ESTOPPEL.

   Verified proof of cause of death of one insured under policy with clause for double indemnity in case death was due to accident or drowning, furnished by plaintiff beneficiary *held*, competent evidence in her action against insurer but not conclusive, could be varied or contradicted in case of an honest mistake and did not estop plaintiff from showing death from some other cause.

3. APPEAL AND ERROR—CAUSE OF DEATH—DROWNING—EVIDENCE.

   In action by beneficiary against insurer under double indemnity clause for death by accident or drowning, verdict that death was due to drowning and not acute dilatation of the heart *held*, not against the weight of evidence where the cause of death was wholly a matter of expert opinion evidence, founded upon the autopsy and supplemented by evidence of age and previous condition of health of insured.

4. INSURANCE—DROWNING—MISTAKE.

   Insurer's refusal to pay for accidental death of insured as to whom proof of death from acute dilatation of the heart had been submitted by beneficiary rendered it unnecessary, under stand taken by insurer, for beneficiary to make claim that an honest mistake had been made and that death was due to drowning.

Appeal from Wayne; Keidan (Harry B.), J. Submitted June 25, 1935. (Docket No. 126, Calendar No. 38,141.) Decided September 9, 1935.

Assumpsit by Josephine Kudla against the Prudential Insurance Company of America, a corporation, as beneficiary under an insurance policy to recover sum due under double indemnity clause for accidental death of insured. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Stanley B. Dombrowski* (*William P. Long,* of counsel), for plaintiff.

*Emmons, Oren & Sleeper* (*Donald McGaffey,* of counsel), for defendant.

Wiest, J. An insurance policy, issued by defendant company on the life of Stanley Pares, constituted plaintiff beneficiary to the extent of $1,000, and an additional $1,000 in case of death of the insured by accidental means, inclusive of drowning.

The insured was 22 years of age and, the evening of August 5, 1932, together with two companions, went swimming in Lake St. Clair where the water was shallow; when the others finished the insured was missing and his body was found three days later. Defendant paid the $1,000, face benefit, but refused to pay the accidental death benefit on the ground that death of the insured was not by drowning, but occasioned by acute dilatation of the heart. This suit to recover for death of the insured by drowning was then brought and, upon trial by jury, plaintiff had verdict and judgment thereon. The court denied a motion for a new trial and defendant prosecutes review by appeal.

An autopsy was performed by two doctors, acting under investigation ordered by the coroner. The doctors certified that the body was discolored, decomposition had commenced, and they found—

"Lungs were crepitus; much air flowed from lungs. Lungs were full of air and crepitant throughout.

"Pleural adhesions left lower lobe.

"No thymic remains.

"Heart dilated in its chambers; no pericardial sign of disease. R. ventrical very dilated. Heart flabby. Post mortem discoloration marked in valves of heart, left heart. Fatty degeneration of musculature. R. heart filled with blood, dark bubbly.

"Retrocecal appendix: very long—4 to 6 inches.

### "General Remarks

"He did not drown; died of right sided heart dilatation. Fatty degeneration of heart.

"Acute dilatation of heart is immediate cause of death. * * *

"Cause of death was—

"Acute dilatation of the heart.

"A cardiac death.

"Death was not due to drowning."

Upon such report by the doctors the coroner found and certified that the cause of death was "Acute dilatation of the heart (accidental death). A cardiac death. Death was not due to drowning," and no inquest was necessary.

In making proof of death to the insurer plaintiff stated the cause as "acute dilatation of the heart," and attached newspaper clippings relative to the drowning of Stanley Pares, and also copies of the report of autopsy and the official certificate of death.

Plaintiff received the face benefit of the policy, and, subsequently, asserted that death was by drowning.

Defendant claims that the proof of death, submitted and acted upon, precludes plaintiff from now claiming a wholly different cause of death.

Evidently the coroner accepted the cause of death, as found by the autopsy, and so certified for the purposes required by the statute (2 Comp. Laws 1929, § 6580), and plaintiff also accepted the public record so required at the time she made her initial claim.

Such being the case, is her claim, so made, final and binding upon her, or is the question of cause of death of the insured open to issue upon opinion evidence by medical experts who entertain different conclusions, based on the report of the autopsy and history of the insured?

For the purpose of opening the way for contradiction of the official report of the autopsy plaintiff introduced it in evidence.

Formerly the statute (2 Comp. Laws 1915, § 5607) made the certificate of death *prima facie* evidence in all courts and for all purposes of the facts recorded therein. See *Bromberg* v. *North American Life Ins. Co.*, 192 Mich. 143; *Harrington* v. *Interstate Business Men's Accident Ass'n*, 232 Mich. 101; *Bishop* v. *Shurly*, 237 Mich. 76.

In 1925 (Act No. 343, Pub. Acts 1925), however, that statute was repealed (2 Comp. Laws 1929, § 6594). The repeal left the cause of death, in the case at bar, an issue of fact. The verified proof of the cause of death, furnished by plaintiff to defendant, was competent evidence in the nature of an admission, but not conclusive and could be varied or contradicted in case of an honest mistake, *Harrington* v. *Interstate Business Men's Accident Ass'n, supra,* and did not estop the beneficiary from showing that the insured died from some other cause. *John Hancock Mutual Life Ins. Co.* v. *Dick,* 117 Mich. 518 (44 L. R. A. 846).

The pleadings clearly presented an issue of fact as to the cause of death of the insured. The cause

of death was wholly a matter of expert opinion evidence, founded upon the autopsy, supplemented, however, by evidence of the age and previous condition of health of the insured. There was evidence, in connection with the known circumstances, to fully support the verdict of death by drowning, and we cannot find the verdict against the weight of evidence.

The points are made that no proof of death by drowning was presented, as required by the policy, and that the proof of death from acute dilatation of the heart was not claimed before suit to have been an honest mistake.

Defendant admits that it refused payment for accidental death to the beneficiary.

It would have been useless, under the stand taken by defendant, to submit proof of death by accident. The positions of plaintiff and defendant were well defined and understood and beyond adjustment outside of court action.

The present insistence of defendant of want of proof of death of the insured by accident lost all meritorious force by its refusal to pay, and it is now but a litigious gesture.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.