### 26224. WOFFORD OIL COMPANY *v.* STRICKLAND MOTOR COMPANY *et al.*

STEPHENS, P. J. 1. On the trial of an affidavit of illegality to an execution, where the defense interposed was that the plaintiff in execution, through its attorney at law as its authorized agent to settle the execution with the defendant in execution, had accepted from the defendant in execution a sum of money less than the face value of the execution in full and final settlement of the execution, where it appeared from the evidence that the defendant made payments to the plaintiff on the execution but in an amount less than its face value, that he made the payments to the plaintiff pursuant to an agreement between him and the plaintiff's attorney in full settlement of the execution, that before the defendant made any payments on the execution the plaintiff had written a letter on the plaintiff's letter-head purporting to be from and signed by the plaintiff's agent, the secretary-treasurer of the plaintiff having authority to "handle" and "give direction to the claim," the contents of which were shown by parol in lieu of the lost original, which letter was admitted in evidence without objection, that this letter

was written to the plaintiff's said attorney and had been seen in this attorney's possession, that the letter stated that if the defendant would pay a designated sum, which was an amount less than the face value of the execution and in the amount which the defendant afterwards paid in full settlement of the execution, the defendant would be relieved from any other responsibility under the execution, the evidence was sufficient to authorize the inference that the letter was executed by the person purporting to have executed it (*Kelly* v. *Kauffman Milling Co.*, 92 *Ga.* 105, 18 S. E. 363; *Raleigh &c. Railroad Co.* v. *Pullman Co.*, 122 *Ga.* 700 (8), 50 S. E. 1008; *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.*, 128 *Ga.* 606 (3), 57 S. E. 879; *Pacific Selling Co.* v. *Albright-Prior Co.*, 3 *Ga. App.* 143 (3), 59 S. E. 468; *Southern Railway Co.* v. *Branch*, 9 *Ga. App.* 310 (4), 71 S. E. 696), and that the attorney for the plaintiff had authority from the plaintiff to agree to the settlement of the execution on the payment by the defendant of the amount stated and paid by the defendant to the plaintiff, and also that the amount so paid was in full settlement of the execution against the defendant. The verdict for the defendant was authorized.

2. The evidence authorized the inference that the payments made by the defendant were made by him in full settlement of his own obligation under the execution, and did not demand the inference that these payments were made by the defendant in payment of a debt due by the defendant to a codefendant in execution.

3. The exceptions to several excerpts from the charge of the court, on the ground that these excerpts were not authorized under the pleadings and the evidence, are without merit.

4. The evidence authorized the verdict for the defendant and no error appears.        *Judgment affirmed.  Sutton and Felton, JJ., concur.*
DECIDED DECEMBER 3, 1937. REHEARING DENIED DECEMBER 17, 1937.

*O. C. Hancock, Kelley & Dickerson,* for plaintiff.
*T. J. Townsend, A. J. Tuten,* for defendants.

