21175.   TEMPLETON v. KENNESAW LIFE & ACCIDENT INSURANCE COMPANY.

*Buchanan, Edenfield & Sizemore, Lewis R. Morgan,* for plaintiff in error.

*Sam F. Lowe, Jr., Smith, Field, Ringel, Martin & Carr, Horace E. Richter,* contra.

*Cullen M. Ward, Osgood O. Williams, J. R. Cullens, Wm. F. Braziel, Anthony A. Alaimo, Ernest McDonald, S. Gus Jones, Neal D. McKenney,* for parties at interest not parties to record.

ALMAND, Justice. The case is here after the grant of the writ of certiorari to the Court of Appeals to review its judgment granting a new trial. This case originated in a suit by Mrs. Templeton upon a policy of life insurance issued by an insurance company to her husband. The principal of the policy was $5,000, with a further provision for an additional $5,000 in event of accidental death. On the trial of the case, there was no issue as to how he met his death, in that it appeared he met his death by external and violent means, from a load of shot in his chest discharged from a shotgun. The theory of the plaintiff was accident. The insurer made the contention that it was suicide. The trial resulted in a verdict for the plaintiff for the full amount of the policy, with damages and attorney's fees as penalties. The Court of Appeals on review of the judgment denied the insurer's motion for a new trial, held that the trial court committed errors in instructions to the jury, (a) as to the presumption of life and against suicide, and (b) submitting to the jury the question of damages and attorney's fees. For a full statement of the case, see *Kennesaw Life &c. Ins. Co. v. Templeton,* 102 Ga. App. 867 (118 S. E. 2d 247).

1. The trial court, following the principle of law approved in *Mutual Life Insurance Co. v. Burson,* 50 Ga. App. 859 (179 S. E. 390), and other decisions of that court, instructed the jury that the presumption that the death of the insured was not

due to suicide was a question of fact under the circumstances of this case for the jury. The instructions on which error was assigned are fully set out in the report of the case in *Kennesaw Life &c. Ins. Co. v. Templeton,* 102 Ga. App. 867, supra, and need not be repeated here. They in substance stated to the jury: that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the death of the insured was caused by external, violent and accidental means within the terms and conditions of the policy, and that the presumption against suicide remains throughout the case, and is overcome only by evidence which excludes with reasonable certainty any hypothesis or theory of death by accident.

The Court of Appeals (two Judges dissenting), after holding that the evidence sufficiently supports the verdict of the jury that the insured met his death by accident, and that the general grounds of the motion for new trial were without merit, held that the court erred in giving any instruction, under the facts and circumstances of this case, on the presumption that the death of the insured was not due to suicide. In the opinion the court said: ". . . Where each of the parties has introduced evidence as to the *cause* of death which will support inferences in favor of accident on the one side or suicide on the other, it would be error for the trial court to charge on the presumption, since the presumption disappears wholly and completely under these circumstances. . . Since the case before us contains a charge on the presumption against suicide after evidence appeared in the case from which an inference of suicide could be drawn and thus authorized the jury to disregard the evidence, and since this charge was based largely on those portions of the case of *Mutual Life Ins. Co. v. Burson,* [50 Ga. App. 859, supra], which we have specifically overruled, it follows that the trial court erred in charging on the presumption of law against suicide, and the judgment overruling the motion for a new trial must be reversed. *Kennesaw Life &c. Ins. Co. v. Templeton,* 102 Ga. App. 867, 889, supra.

This ruling was error. ". . . Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." *Code*

§ 38-102. Presumptions of fact "are exclusively questions for the jury, to be decided by the ordinary test of human experience." *Code* § 38-113. The jury should be left free to determine under proper instructions as to the law, all questions and presumptions of fact. *Standard Cotton Mills v. Cheatham,* 125 Ga. 649 (6) (54 S. E. 650); *Mitchell v. Mayor &c. of Rome,* 49 Ga. 19 (3) (15 Am. Rep. 669). In *Travelers Insurance Co. v. Sheppard,* 85 Ga. 751, 802 (12 S. E. 18), this court said: "Where the fact of death is established, and the evidence points equally or indifferently to accident or suicide as the cause of it, the theory of accident rather than of suicide is to be adopted. Cronkhite v. Trav. Ins. Co. (Wis. 1889), 43 N. W. Rep. 731, 19 Ins. L. Jour. 267; Mallory v. The Same, 47 N. Y. 52; Trav. Ins. Co. v. McConkey, 127 U. S. 661." See *Metropolitan Casualty Ins. Co. v. McAuley,* 134 Ga. 165 (4), 177 (67 S. E. 393). Under the ruling of the Court of Appeals the only occasion that the jury, under a case similar to the one under consideration, would ever be allowed to consider the presumption against suicide, would be where the plaintiff on the trial introduced the insurance policy, the fact of death by external and violent means, no fact or circumstance indicating accident, and the defendant offered no evidence in support of suicide. Under this ruling, the presumption against suicide would vanish if the plaintiff proved that the insured was happy and optimistic an hour before his death, or if the defendant proved that he was despondent and dejected an hour before his death. In a case such as we are dealing with here, the only place the presumption vanishes is in the jury room, and the time it vanishes is when the jury, in consideration of all the facts and circumstances, determines that the preponderance of the evidence is against the theory of accident; and where that decision is arrived at, the presumption against suicide, like all other circumstances and inferences in favor of accident, vanishes.

Courts should be careful, in the absence of direct mandate of law, to take away from juries questions that time and experience have proven should be left exclusively for determination by the jury. The admonition of Judge Bleckley in an opinion prepared for the court in the case of *Kinnebrew v. State,* 80 Ga. 232, 238, 239 (5 S. E. 56), is worthy of repetition

here. "The judge cannot pilot the jury in their passage by inference from fact to fact, but he can point out the line of transit which the law authorizes them to follow if they think the facts in evidence sustain them in taking that route. Presumptions of law are conclusions and inferences which the law draws from given facts. Presumptions of fact are exclusively questions for the jury, to be decided by the ordinary test of human experience. *Code*, § 3752. This plain distinction only needs to be understood, and applied with due discrimination, to reduce to the minimum all just complaint of encroaching on the province of the jury in the matter of drawing inferences. Doubtless, all presumptions of law not originating in statutes were once presumptions of fact, and gradually developed into presumptions of law by a process of evolution; and most probably many inferences and conclusions destined to become presumptions of law in the future, are now in the formative stage, passing and repassing through the jurybox. Before any presumption, not manufactured by the legislature, can mount to the bench, it has to serve for a long season on the jury, and be trained for judicial administration. . . To instruct them that they are legally authorized to infer one thing from another, or from certain others, but that they are to decide for themselves both whether the given premises are true, and whether the inference can and ought in fact to be made, is only to say that the law permits them to reason in the manner indicated, if they determine that the evidence and the ordinary test of human experience warrant them in so doing." *Kinnebrew v. State*, 80 Ga. 232, 238, 239, supra.

2. The plaintiff alleged that, after her husband's death on April 19, 1959, she on April 29, 1959, delivered to the defendant proof of his death together with the certificate of insurance, requesting payment of the benefits in the policy of insurance. The defendant did not acknowledge receipt of notice and claim. On July 30, 1959, through her attorney, she requested acknowledgment of receipt of her claim. The defendant made no reply. Again on September 17, 1959, she demanded payment, and receiving no answer, she filed her suit on December 11, 1959. The record does not disclose that any demurrers were filed to these allegations or to the claim that the refusal to pay was in bad

faith. The record discloses that the plaintiff introduced evidence supporting these allegations in her petition.

The Court of Appeals held that the trial court erred in charging *Code* § 56-706 (Now *Code Ann.* § 56-1206), as to bad faith, damages and attorney's fees, in that the evidence showed the refusal to pay by the defendant was not sufficient to show bad faith. The issue of bad faith was raised by the pleadings and supported by the evidence. In such a situation, it was the duty of the court to charge the jury the law relative to such issue. *Anderson v. Barron,* 208 Ga. 785 (4) (69 S. E. 2d 874). Compare *Liner v. Travelers Ins. Co.,* 50 Ga. App. 643 (5) (180 S. E. 383).

The Court of Appeals erred in its ruling that the trial court erred in charging the law relative to bad faith.

*Judgment reversed. All the Justices concur.*