40223, 40224.   GULF LIFE INSURANCE COMPANY v.
BELCH; and vice versa.

DECIDED SEPTEMBER 12, 1963—REHEARING DENIED
OCTOBER 16, 1963.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Vickers Neugent,* for plaintiff in error.

*Jack J. Helms,* contra.

FELTON, Chief Judge. 1. The court did not err in admitting in evidence testimony showing the contents of the note found in the deceased insured's automobile. "The execution of a written instrument may be shown by circumstantial . . . evidence." *Fay v. Burton,* 147 Ga. 648 (4) (95 SE 224); *Proctor & Gamble v. Blakely Oil Co.,* 128 Ga. 606 (3) (57 SE 879); *Campbell v. Sims,* 161 Ga. 517 (8), 522 (131 SE 483); *Deaderick v. Deaderick,* 182 Ga. 96 (1) (185 SE 89); *Sharp v. Autry,* 185 Ga. 160, 168 (194 SE 194); *Fowler v. Latham,* 201 Ga. 68, 72 (38 SE2d 732); *Wofford Oil Co. v. Strickland Motor Co.,* 56 Ga. App. 876, 877 (194 SE 228); *Pacific Selling Co. v. Albright-Prior Co.,* 3 Ga. App. 143, 145 (59 SE 468). A note was found beside the deceased in his automobile immediately after he was shot, together with a pistol borrowed by the deceased. There was no other person in or near the deceased's automobile at the time. In the absence of other evidence to the contrary, these facts demand the conclusion as a matter of law that the deceased wrote the note. While there is slight evidence that the deceased did not intend to commit suicide that day, the above facts are so overwhelming as not to permit of any reasonable doubt that the deceased wrote the note. The court did not err in admitting testimony of its contents in evidence.

2. (a) The court erred in overruling the defendant insurance company's motion for a judgment notwithstanding the verdict. The evidence demanded a finding that the deceased insured committed suicide. We have held in Division 1 that in the absence of sufficient evidence to the contrary the appearance of the note lying beside the deceased next to a pistol which he had borrowed, and the absence of other people from the scene at the time of the tragedy, demand the finding that the deceased was the author of the note. There was not sufficient evidence to disprove this fact. With this fact established, together with the fact of the despondency of the deceased and together with the contents of the note, the conclusion that the death was a suicide is demanded. The contents of the note clearly show such intention; the mention of debts, the "God bless you all" and the request that no one sit up with the body at the funeral home seem to exclude every other reasonable hypothesis. The only slight evidence to the contrary is con-

sistent with the theory of suicide, that the deceased was not despondent, that he told one witness he would see him later and the making of an engagement for the next day in another town. The conclusion that the deceased wrote the note is the greatest determining factor in the conclusion reached. Without this conclusion the contents of the note could not be considered in throwing light on the deceased's intent. The plaintiff introduced no evidence to rebut the prima facie proof that the deceased wrote the note. The conclusion that he did write it is reinforced by the fact that no single relative who saw the note was produced to show that the note was not in the handwriting of the deceased. Presumably the deceased's daughter and sister knew his handwriting. They were not produced as witnesses and their absence was not accounted for. While the failure to produce the strongest evidence does not give rise to a presumption of law under *Code* § 38-119, and it is generally a jury question whether the presumption applies or not, in this case the circumstances demand the conclusion that the deceased wrote the note irrespective of the fact of the failure to produce the witnesses, but the failure to produce them strengthens the basis for the conclusion that the deceased wrote the note.

The defendant in error contends that the case of *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770 (119 SE2d 549) requires the conclusion that in every such case as this the questions of accident or suicide are exclusively questions for the jury. We do not so construe the ruling in that case. In that case the evidence authorized a finding either way. The court there did not intend to say that if the evidence demanded a finding of suicide the question was one for the jury. The court did not intend to rule that where the evidence in such a case excluded every other reasonable hypothesis except suicide, the court would not direct a verdict accordingly. While the ruling in *Gem City Life Ins. Co. v. Stripling*, 176 Ga. 288 (168 SE 20) is not a full-bench decision, we think it states the correct principles of law applicable to conclusions to be reached in cases of circumstantial evidence where there is no material and substantial conflict in the evidence. We believe the court in *Templeton* did not repudiate *Stripling* as it would have done if it had intended the ruling as contended for

by the defendant in error. If the defendant in error is correct, there could never be a correctly directed verdict in a case involving the question whether a death was suicide or accident, regardless of what the evidence showed if a plaintiff showed an external and violent death as a prima facie case and stopped. Presumptions of law and fact are rebuttable. *Bryan v. Walton*, 20 Ga. 480; *Black v. Thornton*, 31 Ga. 641(2) ; *Lee v. State*, 57 Ga. App. 164 (2) (194 SE 846). See *Code* § 38-114 for conclusive presumptions of law. We cannot believe that the Supreme Court intended to rule that a non-conclusive presumption of law or fact can not be overcome as a matter of law by direct or circumstantial evidence in which there is no material conflict. See *Code Ann.* § 110-104, catchwords "Conflict" and "Prima Facie Case." The rationale as to rulings that a directed verdict is proper where a prima facie case is not rebutted is the same as where a prima facie case of suicide is made and there is no rebuttal. If the ruling in *Kinnebrew v. State*, 80 Ga. 232 (5 SE 56), cited in *Templeton*, is subject to the construction that the conclusiveness of a presumption of fact is solely a jury question and not reviewable, such a ruling was obiter dictum. The question in that case was whether a charge expressed an opinion as to what had been proved. The court did not rule that the inference there involved was final and not reviewable. The writer, speaking for himself alone, is of the opinion that in *Kinnebrew* the court did express an opinion and make a ruling as to what inference could be drawn if certain facts were proved and that the court was correct in so charging, even in a criminal case. A jury's principal function is to ascertain facts. Where facts are in dispute the court must of necessity leave the application of the law to the jury to be based on the facts found. This is not intended to be prohibited by *Code* § 81-1104. The question here involved is similar to a proof of negligence by the invocation of the doctrine of res ipsa loquitur. In such a case where the doctrine is sought to be rebutted a jury finding of negligence is not immune from review and reversal. Judge Lamar says for the court in *Chenall v. Palmer Brick Co.*, 117 Ga. 106 (43 SE 443), on pages 108 and 109, *that there is no such thing in the law as an absolute presumption of negligence,* and that statement means that a jury's finding of negli-

gence, if the presumption is rebutted, is not final but is subject to review, and reversal, if wrong. There is still another reason why we think that in *Templeton* the Supreme Court did not intend to rule that in no case could a finding of accidental death be reversed and that is that it did not intend to make such a radical departure from the overwhelming weight of authority in America. Making the departure, alone, is almost beyond credulity, but to say that a jury in any case can find against suicide regardless of what the evidence is, is completely beyond grasp. As recent as the annotation in 158 ALR 747, 748, the great weight of authority is that the presumption against suicide is not evidence and vanishes upon the admission of evidence of suicide. Even on the other side of the question an opposite ruling in some states is based on statutes.

(b) Under the foregoing ruling the verdict for penalty and attorney's fees was unauthorized and a finding for the defendant was demanded. The defendant in error contends that since the ordinary death benefit was paid sixty days from the time of demand and after the filing of the action, part of the verdict for bad faith was authorized. At the time of the filing of the action none of the amounts claimed had been paid. After the suit was filed the company paid the ordinary life benefit in full and the amount was accepted by the plaintiff without qualification or exception. The only question of damages and attorney's fees submitted to the jury was that concerning the payment of the accidental death benefit and the jury found damages and attorney's fees on that basis and no sum as damages or fees was based on the failure to pay the regular death benefit within sixty days after demand. It follows that the motion for judgment notwithstanding the verdict should have been sustained as none of the findings of the jury were authorized.

The court erred in overruling the motion for a judgment notwithstanding the verdict. The judgment is reversed with direction that judgment be entered in accordance with the motion.

*Judgment affirmed on cross bill; reversed on main bill. Eberhardt and Russell, JJ., concur.*