40223, 40224. GULF LIFE INSURANCE COMPANY v. BELCH; and vice versa.

EBERHARDT, Judge. 1. On certiorari the Supreme Court, in *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823 (136 SE2d 351), reversed the judgment of this court in which we had reversed the overruling of the insurance company's motion for a judgment n.o.v. but affirmed the ruling of this court denying the plaintiff the right to damages and attorney's fees for bad faith. *Gulf Life Ins. Co. v. Belch,* 108 Ga. App. 480 (133 SE2d 622). The judgment of this court on the question of judgment n.o.v. is vacated and it is adjudged, in compliance with the Supreme Court opinion, that the judgment of the trial court overruling the motion for a judgment n.o.v. is affirmed.

2. The judgment on the beneficiary's cross bill, not having been reversed, remains affirmed by our prior ruling.

3. Under the ruling of the Supreme Court in this case the evidence demanded a verdict against damages and attorney's

fees for bad faith. It follows that grounds 4 and 5 of the amended motion for new trial were erroneously overruled.

4. The court did not err in charging the jury as follows: "I charge you, gentlemen, that where an insurance policy provides for benefits in case of death by external, violent and accidental means, where the means producing death were external and violent, there is a presumption in the absence of evidence to the contrary that the means are also accidental." If we interpret the cases correctly, it was held in *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770 (119 SE2d 549) and *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823, supra, that in a case such as we have under the facts here, with no actual witnesses to the suicidal act, there is a presumption of accidental means even though there may be ample evidence to authorize a verdict of suicide. Ground 6 of the amended motion was properly overruled.

5. There is exception to the charge: "I charge you further that where the physical facts, surrounding circumstances, and the consideration of all the evidence in this case leaves the question of suicide in doubt in your minds, the plaintiff would be entitled to recover on the presumption of accidental death."

This charge was error. It places on the defendant the burden of removing *all doubt* on the issue of suicide when, under the proper rule, the burden was to establish the fact of suicide as a defense by a preponderance of the evidence. A similar situation was dealt with in *Standard Machinery Co. v. Holton*, 84 Ga. 592 (10 SE 1016) where it was held: "In complaint upon an account, with closely conflicting evidence, a charge that 'if the plaintiff fails to make out his case, or if you have any doubt as to whether the plaintiff has made out his case fully, the defendant should have a verdict, because it is the plaintiff's duty to make out his case before he is entitled to recover,' is erroneous, and requires a new trial after verdict for the defendant, although no other error be found in the charge." In the body of the opinion the court asserted: "We think this charge was error, as it placed a higher duty upon the plaintiff than the law imposes. The plaintiff is required to make out his case by a preponderance of the evidence; that is to say, the evidence should be so strong as to satisfy the jury that the plaintiff is entitled to recover. The rule is, that the jury should be satisfied from all the evidence in the case that the plaintiff is entitled to

recover, not that the defendant would be entitled to recover if the jury should have any doubt as to whether the plaintiff made out his case or not. The principle given in charge by the court in this case was stronger than the rule applicable to a criminal case as applied to the State, which is, that the State should show beyond a reasonable doubt. This is the only error we find in the charge of the court, but owing to the closeness of the facts of the case, we feel that the judgment of the court below should be reversed upon this ground."

While we are not now attempting to weigh the evidence on the question of suicide in this case, we can assuredly say that there is as great if not greater reason for reversing on the basis of this charge here. A careful review of the situation leads inevitably to the conclusion that it places on the defendant a greater burden than does the law in respect to its defense of suicide.

The court did not err in overruling the motion for judgment n.o.v., but did err in overruling the motion for new trial, as amended, on grounds 4, 5 and 7.

*Judgment affirmed as to overruling the motion for judgment n.o.v.; reversed as to overruling the motion for new trial. Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Russell and Pannell, JJ., concur.*

DECIDED JULY 13, 1964.

*Larry E. Pedrick, Vickers Neugent,* for plaintiff in error. *Jack J. Helms,* contra.