22999.  POWER v. LIBERTY NATIONAL LIFE INSURANCE COMPANY.

ARGUED JULY 13, 1965—DECIDED SEPTEMBER 9, 1965—REHEARING DENIED SEPTEMBER 22, 1965.

*Ferrin Y. Mathews, A. Tate Conyers, Robert Carpenter,* for plaintiff in error.

*Smith, Ringel, Martin & Lowe, H. A. Stephens, Jr.,* contra.

GRICE, Justice.  For determination here is whether the Court of Appeals was correct in holding that the evidence demanded a finding that the insured's death resulted from suicide so as to preclude recovery on a policy providing benefits for accidental death.  This issue emanates from an action filed in the Civil Court of Fulton County by the beneficiary, Leila W. Power, against the insurer, Liberty National Life Insurance Company. The jury found against the insurer.  The trial judge denied the insurer's motion for judgment notwithstanding such verdict and also overruled its motion for new trial.  Upon review the Court of Appeals, in a split decision, reversed and directed that judgment be entered in favor of the insurer.  *Liberty Nat. Life Ins. Co. v. Power,* 111 Ga. App. 458 (142 SE2d 103). This court granted the beneficiary's application for certiorari.

It is not necessary here to re-examine the authorities relied upon by the Court of Appeals or to restate the facts, since both the law and the evidence were thoroughly dealt with in the several opinions by that court.

After full consideration we have concluded that the Court of Appeals correctly interpreted the principles of law which are applicable, including those in *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770 (119 SE2d 549) and *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823 (136 SE2d 351). Those principles were correctly enunciated by both Presiding Judge Bell and Judge Jordan in their respective opinions. From what appears, that court's lack of accord stemmed from diverse appraisals of the evidence rather than of the law.

In our view, the evidence was in conflict as to whether the insured's death was the result of suicide or of accident, and hence made an issue for the jury. We regard the following as particularly significant: that the insured was regarded as normal and was in good spirits on the night of his death; that shortly before his death he had announced both immediate and long-range plans; that he did not shoot himself at the count of five as he first threatened to do; that thereafter the pistol fired at the count of two, instead of three as next threatened; and that the only witness, on account of darkness, could not testify as to whether he voluntarily pulled the trigger or what actually caused the pistol to fire.

Therefore, the judgment of the Court of Appeals is

*Reversed. All the Justices concur, except Almand and Mobley, JJ., who dissent.*

ALMAND, Justice, dissenting. In the cases of *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770 (119 SE2d 549) and *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823 (136 SE2d 351), whether the insured met his death by accident or suicide was held to be a question for the jury, there being evidence to support either theory. These cases are not authority for the proposition that in no case can it ever be held that the evidence demanded a finding of death by suicide. I do not construe the majority opinion or the dissenting opinion of the Court of Appeals or the majority opinion of the Supreme Court as so holding, but on the contrary, the decision in both courts is based on the question of whether there was any conflict in the evidence as to whether the death of the insured resulted from accident or suicide. Being of the opinion that the evidence shows without conflict that the

insured's death resulted from self-destruction, I dissent from the judgment.