40895. LIBERTY NATIONAL LIFE INSURANCE
COMPANY v. POWER.

DECIDED OCTOBER 27, 1965.

*Smith, Ringel, Martin, Ansley & Carr, H. A. Stephens, Jr.,* for plaintiff in error.

*Robert Carpenter, Ferrin Y. Mathews, A. Tate Conyers,* contra.

BELL, Presiding Judge. ■ The Supreme Court has approved as a correct analysis of the law on the issue of suicide the enumerated rules set forth in Division 1 of the opinion of this court in the case of *Liberty Nat. Life Ins. Co. v. Power,* 111 Ga. App. 458, 462-464 (142 SE2d 103). The Supreme Court also has approved the statements of law written by Judge Jordan in his dissent. Ibid. p. 466. For the Supreme Court decision validating these legal principles see *Power v. Liberty Nat. Life Ins. Co.,* 221 Ga. 305 (144 SE2d 389).

■ The reversal by the Supreme Court of the judgment of this court entered in the *Power* case, supra, was based solely on the Supreme Court's holding that the facts in the case set forth a jury issue and did not demand (as this court held) a verdict for the defendant insurer.

■ Our decision upon the general grounds of the motion for new trial and on the motion for judgment notwithstanding the verdict is controlled by that of the Supreme Court in *Power v. Liberty Nat. Life Ins. Co.,* 221 Ga. 305, supra. The trial court did not err in denying a new trial upon the general grounds of the motion or in denying the defendant's motion for judgment notwithstanding the verdict.

■ It is now necessary for us to consider the remaining grounds of the motion for new trial.

Special ground 4 assigns as error the ruling of the court excluding from evidence a certificate of the death of the insured signed September 6, 1962 by "Henry M. Snell, M.D., for Tom Dillon, M.D., Medical Examiner." This death certificate shows that the immediate cause of death was "Contact gunshot wound of head with destructive brain damage," that the injury occurred through "Self-inflicted gunshot wound head," and that death was due to suicide. The certificate also shows that it was received by the local registrar on September 19, 1962.

There are several cogent reasons why the ruling complained of was not erroneous:

■ *Code Ann.* § 88-1118 provides that certificates filed under the provisions of *Code Ann. Ch.* 88-11, pertaining to the registration of births and deaths, "shall be prima facie evidence of the facts stated therein."

Such a statute is in derogation of the common law. Mutual Life Ins. Co. of N. Y. v. Bell, 147 Fla. 734 (3 S2d 487); Bishop v. Shurly, 237 Mich. 76 (211 NW 75). Being in derogation of common law, it must be strictly construed. *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117) and citations. Where the certificate is not completed in accordance with the statutory requirements, it is not prima facie evidence of the facts stated therein. *Bituminous Cas. Corp. v. Elliott,* 70 Ga. App. 325, 330 (28 SE2d 392); *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406 (1) (108 SE2d 823); *Troup County v. Henderson,* 104 Ga. App. 29, 35 (121 SE2d 65); *Davison v. National Life &c. Ins. Co.,* 106 Ga. App. 187, 192 (126 SE2d 811).

*Code Ann.* § 88-1116 (1) provides: "The person in charge of interment shall file, with the local registrar of the district in which the death occurred or the body was found, a certificate of death within 72 hours after death or the body is found." The certificate excluded from evidence shows on its face that it was filed on September 10, 1962, considerably more than 72 hours after the death, which occurred in the early hours of September 1, 1962, and was at that time known to have occurred. The death certificate was not completed in full compliance with *Code Ann. Ch.* 88-11.

■ The certificate failed to comply with the provisions of *Code Ch.* 88-11 for an additional reason. The record shows that Dr. Snell was acting as an "assistant medical examiner."

*Code Ann. Ch.* 21-2 (Ga. L. 1953, p. 602, as amended by Ga. L. 1960, p. 1009, and Ga. L. 1961, p. 437) provides for the completion of death certificates by officially designated medical examiners in certain instances. While section 10 of the Act of 1960 (Ga. L. 1960, pp. 1009, 1019) specifically *repealed* the previous law comprising *Code Ann.* § 88-1116 (3), the Act contains no language which in any degree purports to amend *Code Ann. Ch.* 88-11 (Ga. L. 1945, p. 236, as amended by Ga. L. 1953, p. 140). This observation is true notwithstanding the statement in *Davison v. National Life &c. Ins. Co.,* 106 Ga. App. 187, 190, supra, in which it was erroneously assumed that the Act of 1960 did amend *Code Ann. Ch.* 88-11.

Under the provisions of *Code Ann. Ch.* 88-11, the only persons who may complete death certificates (other than in cases of fetal death) so as to make them "prima facie evidence of the facts stated therein" are the "physician last in attendance upon the deceased" (*Code Ann.* § 88-1116 (2)) and the "coroner, or person acting as such" (*Code Ann.* § 88-1116 (4)). Doctor Snell was not an attending physician, as James Power was already dead when first seen by Dr. Snell. Nor was Dr. Snell a coroner, or person acting as coroner.

Since the Act of 1960 did not amend *Code Ann. Ch.* 88-11, the strict construction required of *Code Ann.* § 88-1118 does not permit the use of a death certificate completed by a medical examiner under provisions of the Act of 1960 as prima facie evidence of facts stated in the certificate. Even if it did, the instant case would not come within the Act of 1960, for the Act contains no provisions giving Dr. Snell as an "assistant medical examiner" the authority to complete death certificates for the medical examiner.

■ The fault of evidence admitted under *Code Ann.* § 88-1118 is that it is hearsay evidence, and thus, this provision amounts to an exception to the hearsay rule. This initial fault is further compounded by including in the certificates statements based on hearsay—that is, upon information sup-

plied by other persons to the person completing the certificate—and by including in the certificates statements of conclusions of the person completing the certificate, which may be either conclusions based upon hearsay or conclusions as to which the person completing the certificate would not be qualified as an expert or otherwise to testify personally.

The language of *Code Ann.* § 88-1118 makes a death certificate completed and filed in accordance with the provisions of *Code Ann. Ch.* 88-11 "prima facie evidence of the *facts* stated." This necessarily means that only "facts" contained in the certificate are accorded the dignity of constituting prima facie evidence. While *Code Ann.* § 88-1116 (4) requires the official completing the certificate to include a statement whether the death was probably accidental, suicidal or homicidal, that requirement amounts to nothing more than direction to express an opinion, surmise or conjecture as to the probability of the means of death. The expression of an *opinion, surmise* or *conjecture* as to the *probability* of the means of death is not a statement of fact, and not being a statement of fact, an expression of that nature clearly does not constitute prima facie evidence of a "fact" within the meaning of the statute. Equitable Life Assur. Soc. v. Stinnett, 13 F2d 820, 822 (1) (6th Cir.).

Under the rule of strict construction that must be applied to *Code Ann.* § 88-1118, a death certificate is not admissible to prove particular matters stated in the certificate, (1) where the statement is based on hearsay and not upon the personal knowledge of the physician or official completing the certificate or, (2) where the statement is a statement of opinion to which the physician or official would not be qualified to testify personally. In these instances the statements contained in the certificate are not statements of "fact" within the meaning of *Code Ann.* § 88-1118, and the exception to the hearsay rule is inapplicable. Although there is some foreign authority to the contrary, we consider that the rule stated here represents the better view and the preponderance of authority. See e.g.: Equitable Life Assur. Soc. v. Stinnett, 13 F2d 820, supra; Morton v. Equitable Life Ins. Co., 218 Iowa 846 (254 NW 325, 96 ALR 315); Kentucky &c. Ins. Co. v. Watts, 298 Ky. 471

(183 SW2d 499); Backstrom v. N. Y. Life Ins. Co., 183 Minn. 384 (236 NW 708); Callahan v. Cohn, General Iife Ins. Co., 357 Mo. 187 (207 SW2d 279); Welz v. Commercial &c. Accident Assn., 266 App. Div. 668 (40 NYS2d 128); Carson v. Metropolitan Life Ins. Co., 156 Ohio St. 104 (100 NE2d 197, 28 ALR2d 344). Contra: Branford Trust Co. v. Prudential Ins. Co., 102 Conn. 481 (129 A 379, 42 ALR 1450). On this subject generally, see: Anno. 17 ALR 366; Anno. 42 ALR 1455; Anno. 96 ALR 324; Anno. 28 ALR2d 352; 27 New York University Law Review 158; 32 CJS 827-828, Evidence, § 638.

■ Since the certificate failed in the first instance to comply with the provisions of *Code Ann. Ch.* 88-11, it did not come within the exception to the hearsay rule provided by *Code Ann.* § 88-1118. Being hearsay in its entirety, it would have had no probative value whatever, even had it been admitted without objection, as to any matter appearing on the certificate. *Eastlick v. Southern R. Co.*, 116 Ga. 48, 49 (42 SE 499); *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862); *Fuller v. Fuller*, 213 Ga. 103, 104 (97 SE2d 306). "The Georgia courts steadfastly declare that hearsay has no probative value. This means what it says. In this state, hearsay alone will not support a verdict." Green, Georgia Law of Evidence, 501, § 222.

■ Moreover, defendant's only purpose in offering the death certificate was to get before the jury Dr. Snell's statement that James Power's death was suicide. As to this statement, the certificate was hearsay of a conclusion, which by itself would not have been admissible as an expert opinion even if based upon personal knowledge of the witness, and moreover, the conclusion was based on hearsay. No so-called "evidence" could possibly attain a more spurious character.

The trial court did not err in refusing to admit this death certificate into evidence. See *Green v. State*, 112 Ga. App. 329 (6) (145 SE2d 80).

■ Ground 5 of the motion for new trial assigns as error the ruling of the court admitting into evidence over defendant's objection a later certificate of the death of the insured signed by "Tom Compton, Coroner." This death certificate, which was received by the local registrar on October 17, 1962, shows

that the immediate cause of death was "Contact gunshot wound of head with destructive brain damage" and that the injury occurred through "Accidental discharge of a gun."

At the time this evidence was offered, defendant objected in effect that the certificate for various reasons did not meet the requirements for filing under *Code Ann. Ch.* 88-11.

While the death certificate clearly failed to meet fully the requirements of *Code Ann. Ch.* 88-11, the fundamental reasons why the certificate should have been excluded were that it was hearsay and that it contained an inadmissible statement of opinion. These objections were not raised. Merely to state certain reasons why the certificate failed to comply with *Code Ann. Ch.* 88-11 was insufficient to show the hearsay and conclusional nature of the evidence. The objection raised showed only that the document was not prima facie evidence of the statements of fact that it contained. An objection to the admission of evidence that the evidence is not prima facie evidence is not a valid objection, for evidence may or may not be admissible irrespective of whether it may or may not be classed as prima facie evidence.

The objection to be a valid one should have gone on to state other reasons demonstrating specifically the hearsay or conclusional nature of the certificate.

We wish to call attention to the fact that the entry on the certificate that injury was produced by the "accidental discharge of a gun" was hearsay and conclusional evidence, and was inadmissible for the same reasons pointed out in Divisions 4(a), 4(c) and 4(d) above. Thus the certificate is without probative value and is deficient as evidence even though it was admitted without valid objection. The verdict could not rest on that certificate, but can stand only since it was authorized by other evidence of accidental death.

■ Ground 6 complains of a lengthy portion of the court's instructions to the jury, contending that this part of the charge was argumentative and that it overemphasized and unduly stressed plaintiff's contentions. In reviewing this ground, the charge to the jury must be considered as a whole and each part considered in connection with every other part of the charge.

*Mendel v. Pinkard,* 108 Ga. App. 128, 134 (2) (132 SE2d 217). Reading the charge as a whole, we find that the charge fairly presented the contentions of both parties. In order to be argumentative, the charge would have had to state inferences from the evidence, reasoning, or conclusions. It was not argumentative, for it merely stated the law appropriate to contentions of the parties made by the pleadings and evidence.

■ Ground 7 attacks the following charge to the jury: "I charge you, further, that a conflict in the evidence would not destroy the presumption against suicide, but that presumption remains throughout the case and is overcome only by evidence which excludes with reasonable certainty any hypothesis or theory of death by accident." An identical charge was approved in *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770 (119 SE2d 549), reversing *Kennesaw Life &c. Ins. Co. v. Templeton,* 102 Ga. App. 867 (118 SE2d 247), which at p. 885 sets out this charge as embraced in ground 9 of the motion for new trial in that case.

■ Ground 8 of the motion for new trial excepts generally to the following charge to the jury:

"I charge you that if the evidence adduced before you on the trial of this case points equally and indifferently to the theory of death by accident or death by a wound intentionally self-inflicted, or suicide, the theory of death by accident is to be adopted by you rather than the theory of suicide.

"I charge you that where the physical facts, the surrounding circumstances, and the consideration of all the evidence in this case leaves the question of suicide in doubt in your mind, the plaintiff would be entitled to recover on the presumption of accidental death."

While the latter portion of this charge is erroneous as an abstract proposition of law (*Gulf Life Ins. Co. v. Belch,* 110 Ga. App. 81, 82 (5) (137 SE2d 923)), the first part of the charge is abstractly correct (*Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 802 (12 SE 18)). "When a portion of a charge, which is complained of generally, contains several distinct propositions and one or more of the same are correct in the abstract, then the general assignment of error is not good and will not be further

considered, because it in effect improperly alleges that all of such portion is erroneous and does not show to which of the propositions, the correct or the erroneous, it is intended to take exception." *Burden v. Gates,* 190 Ga. 300 (2) (9 SE2d 245); *King v. Sharpe,* 96 Ga. App. 71, 83 (99 SE2d 283).

The judgment of this court in *Liberty Nat. Life Ins. Co. v. Power,* 111 Ga. App. 458, supra, is vacated.

The trial judge did not err in denying the defendant's motion for judgment notwithstanding the verdict or in overruling the defendant's motion for new trial.

*Judgment affirmed. Felton, C. J., Nichols, P. J., Frankum, Jordan, Hall, Eberhardt, Pannell and Deen, JJ., concur.*