77918. CLARK v. SOUTHEAST ATLANTIC CORPORATION
et al.
(377 SE2d 19)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision between a truck driven by defendant Light in the course of his employment by defendant Southeast Atlantic Corporation and an automobile driven by plaintiff Clark. The collision occurred when defendant Light, driving eastbound on Hugh Howell Road in Tucker, Georgia, encountered a vehicle driven by Joseph Kent Frederick emerging from a stop sign headed northbound, across Hugh Howell Road. Plaintiff Clark was headed westbound on Hugh Howell Road.

Defendant Light crossed the centerline after colliding with Frederick; in doing so, he struck plaintiff Clark's vehicle and thereafter overturned his employer's truck on the south shoulder of the highway.

Originally included as defendants in the case sub judice were Joseph Kent Frederick and Kent L. Frederick. The Fredericks were released from the case pursuant to a settlement agreement with plaintiff Clark.

At trial the jury returned a verdict in favor of defendants Light and Southeast Atlantic Corporation and against plaintiff. Plaintiff appeals raising a single issue of whether the trial court erred in refusing to give plaintiff's requested charge on sudden emergency. *Held*:

The parties have stipulated that there was sufficient evidence at trial for the jury to have returned a verdict for either the plaintiff or the defendants on their respective theories under a proper charge by the trial court. Both parties agree that the evidence warranted a charge on sudden emergency and one was given.

However, plaintiff contends the trial court erred in refusing to give the requested charge since the charge as given failed to include any instruction (such as requested) that the defendants had the burden of proof to show that defendant Light did not in any way contribute to the sudden emergency by the manner in which he operated his employer's truck.

The plaintiff's requested charge states: "It appears from the evidence that the defendant contends that he was not negligent in the operation of his vehicle, but rather was faced with a sudden emergency. I charge you that before a defendant may avail himself of the defense of 'sudden emergency' it must be proved to your satisfaction and by a preponderance of the evidence, that the defendant did not in any way contribute to the emergency by the manner or method in which he operated his automobile."

We affirm, since we find plaintiff's requested charge to be argumentative. A charge which states inferences from the evidence, reasoning, or conclusions is argumentative. *Liberty Nat. Life Ins. Co. v. Power*, 112 Ga. App. 547, 555 (6) (145 SE2d 801). See also *Emory Univ. v. Lee*, 97 Ga. App. 680, 697 (4) (104 SE2d 234). An argumentative charge is properly refused. *Lefkoff v. Sicro*, 189 Ga. 554 (3) (6 SE2d 687). See also *Adams v. Smith*, 129 Ga. App. 850, 854 (8) (201 SE2d 639); *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 663, 641 (224 SE2d 739).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 28, 1988 —
REHEARING DENIED DECEMBER 14, 1988 —

*Robert P. Wilson*, for appellant.

*Henning, Chambers & Mabry, Arthur L. Myers, Jr.,* for appellees.